[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 551.]

THE STATE EX REL. THOMPSON, APPELLANT, *v.* SPON, JUDGE, APPELLEE.

[Cite as *State ex rel. Thompson v. Spon*, 1998-Ohio-298]

*Mandamus to compel domestic relations division judge to require his magistrate to issue findings of fact and conclusions of law in a temporary custody decision—Mandamus action properly dismissed, when.*

(No. 98-505—Submitted September 15, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Richland County, No. 98 CA 8.

_____

{¶ 1} Appellant, Christine Thompson, and Christopher Thompson married and had two children, Nicole and Cody. In March 1997, Christopher was convicted of domestic violence in violation of Section 537.14 of the Mansfield Codified Ordinances.[1] In April 1997, appellee, Richland County Court of Common Pleas, Domestic Relations Division Judge Ron Spon, found that Christopher had committed acts of domestic violence against Christine and caused her physical injury. Judge Spon issued a civil protection order in favor of Christine against Christopher and named Christine the legal custodian and residential parent of Nicole and Cody.

{¶ 2} In November 1997, Christopher filed a divorce action in Richland County against Christine, who had moved to Georgia. The domestic relations court issued an *ex parte* order in the divorce case naming Christopher temporary legal custodian and residential parent of the children. In December 1997, following a hearing to review the *ex parte* order, the domestic relations court magistrate continued the *ex parte* order during the pendency of the divorce case. The

_____

1. Section 537.14 is similar to R.C. 2919.25.

magistrate determined that it was in the children's best interest that Christopher remain their legal custodian and residential parent.

**{¶ 3}** Shortly thereafter, Christine requested the magistrate to issue findings of fact and conclusions of law on his December 1997 temporary custody decision. Judge Spon denied Christine's request by holding as follows:

"[O]n December 18, 1997 a magistrate of this Court issued a pretrial order in this cause pursuant to *Civ.R.* 75(M) which determined issues of *temporary* allocation of parental rights and responsibilities of the minor children of the parties, Nic[ ]ole and Cody and *temporary* child support.

"The mechanism[s] established by *Civ.R.* 53(E)(2) and *Civ.R.* 52 regarding findings of fact and conclusions of law are not applicable to pretrial orders issued pursuant to *Civ.R.* 53(C)(3). Pretrial orders are by necessity interlocutory in nature and may be entered by a magistrate 'without judicial approval,' and magistrates may, but are not required by the civil rules to enter findings of fact and conclusions of law in support of pretrial orders." (Emphasis *sic*.)

**{¶ 4}** Christine then filed a complaint in the court of appeals for a writ of mandamus to compel Judge Spon to require his magistrate to issue findings of fact and conclusions of law pursuant to R.C. 3109.04. The court of appeals *sua sponte* dismissed the mandamus action. The court of appeals found that Judge Spon did not have a clear legal duty to order his magistrate to issue findings and conclusions because Civ.R. 53(E)(2) and 52 are inapplicable to Civ.R. 53(C)(3) and 75(M) pretrial orders.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

_____

*Richland County Legal Services* and *Dennis C. Tenison*, for appellant.

*James J. Mayer, Jr.*, Richland County Prosecuting Attorney, *Nancy H. Massie* and *Stephen M. Wildermuth*, Assistant Prosecuting Attorneys, for appellee.

*Ohio State Legal Services Association* and *Michael R. Smalz; Southeastern Ohio Legal Services* and *Rebecca Baird*, urging reversal for *amici curiae*, Action Ohio, Ohio Domestic Violence Network, and Ohio NOW Education and Legal Fund.

_____

*Per Curiam.*

{¶ 6} Appellant and the various *amici curiae* assert that the court of appeals erred in *sua sponte* dismissing the mandamus complaint. *Sua sponte* dismissal of a complaint is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Luna v. Huffman* (1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279, 1280; *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292. Consequently, we must determine whether appellant's mandamus claim is frivolous or obviously without merit. *Luna* and *Fogle*, *supra*.

{¶ 7} Appellant and the *amici curiae* contend that R.C. 3109.04(C) required the magistrate to issue findings of fact and conclusions of law.

{¶ 8} The paramount consideration in construing a statute is legislative intent. *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 47, 693 N.E.2d 794, 797. In determining legislative intent, we must first review the language of the statute in question. *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 227, 685 N.E.2d 754, 758.

{¶ 9} R.C. 3109.04(C) provides in pertinent part:

"*When the court allocates parental rights and responsibilities for the care of children* or determines whether to grant shared parenting in any proceeding, *it shall consider whether either parent* has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding, *has been convicted of or pleaded guilty to any other*

*offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding and caused physical harm to the victim in the commission of the offense*, or has been determined to be the perpetrator of the abusive act that is the basis of an adjudication that a child is an abused child. *If the court determines that either parent* has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding, *has been convicted of or pleaded guilty to any other offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding and caused physical harm to the victim in the commission of the offense*, or has been determined to be the perpetrator of the abusive act that is the basis of an adjudication that a child is an abused child, *it may designate that parent as the residential parent* and may issue a shared parenting decree or order *only if it determines that it is in the best interest of the child to name that parent the residential parent or to issue a shared parenting decree or order and it makes specific written findings of fact to support its determination*." (Emphasis added.)

{¶ 10} Appellant and the *amici curiae* rely on the isolated phrase "[w]hen the court allocates parental rights and responsibilities for the care of children * * * in any proceeding" contained in R.C. 3109.04(C). They argue that "any proceeding" includes proceedings concerning the propriety of a *temporary order* allocating parental rights and responsibilities for the care of children. In turn, this would impose on the magistrate the duty under the last sentence of R.C. 3109.04(C) to issue findings of fact and conclusions of law to support the award of temporary custody of the children to Christopher, who had previously been convicted of an offense involving a family-member victim that resulted in physical harm to that victim. For the following reasons, however, the court of appeals properly dismissed appellant's complaint for a writ of mandamus.

**{¶ 11}** First, we must review all of R.C. 3109.04 rather than an isolated phrase to determine the legislative intent. "In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *State v. Wilson* (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347, 1350; *MacDonald v. Bernard* (1982), 1 Ohio St.3d 85, 89, 1 OBR 122, 125, 438 N.E.2d 410, 413.

**{¶ 12}** After reviewing the entirety of R.C. 3109.04, it is evident that the R.C. 3109.04(C) requirement of findings of fact and conclusions of law applies to *final decrees* allocating parental rights and responsibilities or subsequent modification of *final decrees* rather than *temporary orders* allocating parental rights and responsibilities. For example, R.C. 3109.04(A) refers to allocating parental rights and responsibilities following testimony and consideration of a mediation report, R.C. 3109.04(E)(1)(a) addresses modification of a prior "decree," and R.C. 3109.04(H) provides for an appeal from decisions granting or modifying a decree allocating parental rights and responsibilities for the care of children, *i.e.,* a final appealable order, not an interlocutory, temporary order. Even R.C. 3109.04(C) provides for an investigation and examinations "[p]rior to trial," indicating some *final* allocation of parental rights and responsibilities.

**{¶ 13}** Second, this conclusion is consistent with the applicable Rules of Civil Procedure. See Civ.R. 53(C)(3)(a), 53(E), and 75(M). Magistrates may issue a temporary order regarding allocation of parental rights and responsibilities for the care of children during the pendency of a divorce action. Civ.R. 75(M). Unless otherwise specified in the reference order, the magistrate may enter orders without judicial approval in pretrial hearings under Civ.R. 75(M). Civ.R. 53(C)(3)(a). When the magistrate enters these temporary orders, she or he may, but is not required to, issue findings of fact and conclusions of law. Civ.R. 53(E).

**{¶ 14}** Third, this result comports with our duty to give R.C. 3109.04(C) as well as the applicable Rules of Civil Procedure a constitutional construction.

Courts must liberally construe statutes in order to avoid constitutional infirmities. *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 288, 690 N.E.2d 1273, 1278. The Ohio Rules of Civil Procedure, promulgated pursuant to Section 5(B), Article IV of the Ohio Constitution, control over conflicting statutes on procedural matters while statutes supersede conflicting rules on substantive matters. See, generally, *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 376, 667 N.E.2d 1189, 1192; *State v. Greer* (1988), 39 Ohio St.3d 236, 245, 530 N.E.2d 382, 395. Appellant and *amici curiae's* interpretation of R.C. 3109.04(C) would create a potential conflict with Civ.R. 53(C)(3)(a), 53(E), and 75(M). As we held in *State v. Keenan* (1998), 81 Ohio St.3d 133, 150, 689 N.E.2d 929, 946, we are "bound to give a statute a constitutional construction, if one is reasonably available, in preference to one that raises serious questions about the statute's constitutionality." The conclusion that R.C. 3109.04(C) does not apply to temporary orders allocating parental rights and responsibilities affords a constitutional construction that harmonizes both the statute and the pertinent rules.

**{¶ 15}** Fourth, analogous precedent supports this result. Courts have consistently held, for example, that R.C. 3109.04(B) is inapplicable to temporary awards of custody made during the pendency of a divorce case. In *Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 257-258, 31 OBR 538, 542, 511 N.E.2d 412, 415, quoting *Schoffner v. Schoffner* (1984), 19 Ohio App.3d 208, 19 OBR 352, 483 N.E.2d 1190, syllabus, the court held:

" 'An interlocutory order respecting custody of children made pursuant to Civ.R. 75(M) is by its very nature temporary and is subject to modification upon the entering of the final divorce decree. Therefore, the trial court need not make a finding as to the requirements of R.C. 3109.04(B) prior to entering a final custody decree, as the provisions of R.C. 3109.04(B) are only applicable to final decrees awarding custody in the action or a subsequent modification of such final decrees.'

6

" See, also, *Spence v. Spence* (1981), 2 Ohio App.3d 280, 2 OBR 310, 441 N.E.2d 822.

{¶ 16} Finally, mandamus may not be employed as a substitute for an interlocutory appeal. *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529, 532, 678 N.E.2d 1396, 1398. The magistrate's pretrial order is, as appellant concedes, an interlocutory order. *Brooks v. Brooks* (1996), 117 Ohio App.3d 19, 22, 689 N.E.2d 987, 989; *Lilly v. Lilly* (1985), 26 Ohio App.3d 192, 194, 26 OBR 412, 414, 499 N.E.2d 21, 24. Appellant's mandamus claim is an improper attempt to garner review of an interlocutory order.

{¶ 17} Admittedly, we have previously recognized the appropriateness of mandamus to compel a trial court to issue findings of fact and conclusions of law when required by statute. See *State ex rel. Konoff v. Moon* (1997), 79 Ohio St.3d 211, 212, 680 N.E.2d 989, 990. But here, R.C. 3109.04(C) does not require findings of fact and conclusions of law regarding a magistrate's temporary allocation of parental rights during a pending divorce action. Therefore, the court of appeals correctly dismissed appellant's mandamus claim.

{¶ 18} Appellant and *amici curiae*'s policy arguments in favor of a requirement that magistrates issue findings of fact and conclusions of law in temporary allocation orders are better directed to the General Assembly and the Rules Advisory Committee. See, *e.g., Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 123, 676 N.E.2d 890, 894, fn. 2.

{¶ 19} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 20} I would find that the court of appeals erred in dismissing appellant's complaint because it was neither frivolous nor obviously without merit. In addition, since there is no need for further evidence and argument to resolve this legal issue, I would issue the writ. Therefore, for the following reasons, I respectfully dissent.

{¶ 21} First, R.C. 3109.04(C)'s requirement of written findings of fact applies to pretrial proceedings under Civ.R. 53(C)(3)(a) and 75(M). In this regard, R.C. 3109.04(C)'s express language makes it applicable to "any proceeding" when the court allocates parental rights and responsibilities for the care of children. "[C]ourts do not have the authority to ignore the plain language of a statute under the guise of statutory interpretation or liberal or narrow construction." *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.* (1996), 76 Ohio St.3d 584, 588, 669 N.E.2d 839, 843. The phrase "any proceeding" is not limited to proceedings involving a *permanent* allocation of parental rights and responsibilities for the care of children. Courts are not free to delete or insert words in interpreting an unambiguous statute. *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519, 521.

{¶ 22} Second, insofar as R.C. 3109.04(C)'s written-findings requirement conflicts with the pertinent Rules of Civil Procedure, the statute controls because the findings requirement is substantive rather than procedural. See, *e.g., State ex rel. Konoff v. Moon* (1997), 79 Ohio St.3d 211, 212, 680 N.E.2d 989, 990; *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 378, 632 N.E.2d 889, 894; *Boyer v. Boyer* (1976), 46 Ohio St.2d 83, 75 O.O.2d 156, 346 N.E.2d 286.

{¶ 23} Third, appeal of the magistrate's pretrial order under Civ.R. 53(C)(3)(b)[2] does not constitute an adequate remedy. See *State ex rel. Kaylor v.*

---

2. Civ.R. 53(C)(3)(b) provides that "[a]ny person may appeal to the court from any order of a magistrate entered under division (C)(3)(a) of this rule by filing a motion to set the order aside, stating the party's objections with particularity."

*Bruening* (1997), 80 Ohio St.3d 142, 148, 684 N.E.2d 1228, 1233, quoting *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Without the written findings of fact specified in R.C. 3109.04(C), appellant's remedy under Civ.R. 53(C)(3)(b) is not meaningful because she will not be able to state her objections with particularity. See *Konoff*, 79 Ohio St.3d at 212, 680 N.E.2d at 990.

{¶ 24} Fourth, Judge Spon erroneously asserts that the magistrate has complied with the statutory findings requirement by citing the magistrate's oral findings at the pretrial hearing. However, R.C. 3109.04(C) requires *written*, not oral, findings.

{¶ 25} Fifth, the *Thompson* and *Schoffner* cases cited by the majority are not applicable because they addressed the applicability of R.C. 3109.04(B) to temporary orders and did not consider R.C. 3109.04(C)'s findings requirement, which was enacted following those cases.

{¶ 26} Finally, issuance of a writ of mandamus advances the policy considerations set forth by appellant and *amici curiae*. " 'State statutes need to protect women and children during and after the break-up of relationships because of their continuing, often heightened, vulnerability to violence.' " *Felton v. Felton* (1997), 79 Ohio St.3d 34, 41, 679 N.E.2d 672, 677, quoting Klein & Orloff, Providing Legal Protection for Battered Women: An Analysis of State Statutes and Case Law (1993), 21 Hofstra L.Rev. 801, 816.

{¶ 27} Although these awards are "temporary," they can last for a considerable time and are often decisive in the ultimate decision to award permanent custody. See, generally, 2 Sowald & Morgenstern, Domestic Relations Law (1997) 154, Section 25.30 ("Practitioners in this field are generally aware that if the time between the temporary order and the final hearing has been prolonged by the temporary residential parent's counsel sufficiently, the status quo will likely

prevail."); cf., also, *In re Murray* (1990), 52 Ohio St.3d 155, 157-158, 556 N.E.2d 1169, 1172.

{¶ 28} This case reflects the important policy considerations supporting the General Assembly's selection of the words "any proceeding" in the text of R.C. 3109.04(C). Although the court had granted custody of Nicole and Cody to Christine Thompson when it issued the civil protection order against Christopher Thompson, nevertheless he was able to obtain an *ex parte* order in the subsequent divorce action naming him temporary legal custodian and residential parent of the children. When Christopher Thompson brought the children back to Ohio, a magistrate determined that it was in the best interests of the children for them to remain in Ohio with their father. With no findings of fact or conclusions of law issued in connection with that order, Christine Thompson's ability to successfully challenge the magistrate's findings was effectively weakened.

{¶ 29} There are potentially harmful effects from the placement of these children in the custody of a convicted abuser. Every day that a child spends with a convicted abuser is critical and may cause irreversible damage. As of May 1998, when the briefs in this case were filed, the court had yet to conduct a final hearing on the matter and the temporary order of November 1997 remained in effect. Unfortunately, the reality is that a final hearing in these types of cases may not take place for months or even years. For these reasons, I believe the General Assembly intended the words "any proceeding" in R.C. 3109.04(C) also to apply to temporary orders.

{¶ 30} Based on the foregoing, the court of appeals erred in dismissing appellant's complaint and not issuing the requested writ. I would therefore reverse the judgment of the court of appeals and issue the writ. Because the majority does not do so, I respectfully dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

———————————