This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Christopher Smith, appeals the modification of the shared parenting decree entered by the Lorain County Court of Common Pleas, Domestic Relations Division. We reverse and remand.
 I.
Lori Smith, Mr. Smith's wife, filed for divorce on June 9, 1994. A divorce was granted on May 31, 1995. In the divorce decree, parental rights and responsibilities were allocated. Mr. Smith had custody from 5:00 p.m. Friday until 5:00 p.m. Monday, when custody transferred to Ms. Smith until 5:00 p.m. Sunday, at which time custody reverted to Mr. Smith until 5:00 p.m. on Wednesday, at that time custody returned to Ms. Smith until 5:00 p.m. on Friday, when the cycle repeated. This two week cycle provided for Ms. Smith to have custody for eight days every two weeks and Mr. Smith to have custody for six days every two weeks. There was further scheduling of custody during holiday and vacation periods. This custody schedule continued until the modification herein at issue.
While the original shared parenting decree was in force, Mr. Smith remarried. Mr. Smith's job with the United States Post Office required much travel and eventually resulted in a promotion and transfer to a position near Allentown, Pennsylvania. In the same interim time, Ms. Smith lived first with her parents and then purchased a home. On June 6, 1999, Mr. Smith moved to modify the shared parenting decree due to his relocation to Pennsylvania. Ms. Smith responded in opposition and filed a cross-motion to modify the shared parenting decree on July 6, 1999. Both parties filed a proposed shared parenting plan. After a hearing was held on the matter on October 4 and 5, 1999, the trial court modified the original shared parenting decree and adopted the shared parenting plan proffered by Ms. Smith on November 17, 1999. Mr. Smith filed a motion for findings of fact and conclusions of law pursuant to Civ.R. 52 on November 24, 1999. The motion was denied by the trial court on April 25, 2000. This appeal followed.
 II.
Appellant asserts four assignments of error. We will address each in due course, consolidating his third and fourth assignments of error, as we find them to turn on the same analysis, and his first and second assignments of error, as they are rendered moot by our disposition of his other assignments of error.
 A. Third Assignment of Error The trial court erred, to the prejudice of the Defendant father, in failing to recognize that the Defendant father, as the de facto residential parent for the preceding 5 1/2 years, should have been retained as the residential parent, as is required by statute, as none of the criteria set forth at R.C. 3109.04(E)(1)(a)(i)-(iii) was present in this case.
 Fourth Assignment of Error The trial court erred, to the prejudice of the Defendant father, in failing to comply with Defendant's request under Civil Rule 52 that it state separately its findings of fact and conclusions of law with respect to its November 17, 1999 Journal Entry.
Essentially, Mr. Smith asserts that the trial court erred by not stating in its judgment entry which of the criteria enumerated in R.C.3109.04(E)(1)(a)(i)-(iii) it found to be present, if any, after he requested findings of fact and conclusions of law pursuant to Civ.R. 52. Further, he avers that such a finding would not have been supported by the facts adduced below. We agree that the trial court failed to enter findings of fact and conclusions of law, and find his remaining argument moot.
Pursuant to R.C. 3109.04(D)(1)(a)(ii),
 [u]pon the filing of a pleading or motion by either parent or both parents, in accordance with division (G) of this section [and] * * * [i]f each parent makes a request in his pleadings or files a motion and each also files his own separate plan, the court shall review each plan filed to determine if either is in the best interest of the children.
However, pursuant to R.C. 3109.04(E)(1)(a) when the parties move the court to modify an existing order which allocates parental rights and responsibilities:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [the child's] residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Thus, a modification of a prior decree allocating parental rights and responsibilities is not warranted absent: (1) a change in circumstances; (2) the best interest of the child weighing in favor of such modification; and (3) one of the factors enumerated in R.C.3109.04(E)(1)(a) being present. Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 385; Holm v. Smilowitz (1992), 83 Ohio App.3d 757,773.
"[A] judgment entry `may be general' unless a party makes a specific request for separate `findings of fact and conclusions of law.'" In reKennedy (1994), 94 Ohio App.3d 414, 417, quoting Civ.R. 52. Further, "[a]fter reviewing the entirety of R.C. 3109.04, it is evident that the R.C. 3109.04(C) requirement of findings of fact and conclusions of law applies to final decrees allocating parental rights and responsibilities or subsequent modification of final decrees rather than temporary orders
allocating parental rights and responsibilities." (Emphasis original.)State ex rel. Thompson v. Spon (1998), 83 Ohio St.3d 551, 554.
Here, Mr. Smith assigns as error the trial court's failure to enter a finding with regard to one of the factors enumerated in R.C.3109.04(E)(1)(a)(i)-(iii). He argues that the trial court erred in not entering findings of fact and conclusions of law upon his timely Civ.R. 52 motion, and therefore, erred in denying his Civ.R. 52 motion.
While the statement of facts in the trial court's opinion may be sufficient to support conclusions that one of the factors in R.C.3109.04(E)(1)(a)(i)-(iii) was met, the trial court failed to set forth its conclusions of law in regard to these factors or, in fact, mention the statutory criteria. Further, the Ohio Supreme Court held in In rePoling (1992), 64 Ohio St.3d 211, 217-18, that factual findings sufficient to support a determination that modification was in the child's best interest would not satisfy "the necessary findings required to modify custody[.]" Hence, while a general judgment may be sufficient in most instances, we cannot find it so when a party has moved for findings of fact and conclusions of law pursuant to Civ.R. 52 and the trial court has failed to indicate its legal conclusion regarding one of the factors required or indicate that it has considered those factors. Accordingly, Mr. Smith's fourth assignment of error is sustained and the cause is remanded to the trial court to enter the appropriate findings of fact and conclusions of law pursuant to Civ.R. 52 or conduct other further proceedings that are not inconsistent with this decision.
In an allied argument, Mr. Smith asserts that the evidence adduced below was not sufficient to sustain a finding that any one of the required factors was present. "The purpose of [Civ.R. 52] is clear: to aid the appellate court in reviewing the record[.]" Werden v. Crawford
(1982), 70 Ohio St.2d 122, 124. Here, as discussed above, the trial court has failed to enter such findings; hence, we must remand the cause to the trial court to enter its determination as to whether any one of the factors is present. This may result in at least two possible outcomes: (1) the trial court enters findings of fact and conclusions of law which support its judgment entry; or (2) the trial court modifies its judgment entry to comport with the findings of fact and conclusions of law it made. In the first case, the issue is not yet ripe as this court cannot now determine what findings the trial court made.
 "The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876.
State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88,89. Our determination as to what findings would be supported by the evidence below is premature and would be the equivalent of an advisory opinion to the trial court as to what findings are appropriate and supported by the evidence. Further, in the second case enumerated above, the issue may be rendered moot on remand. Hence, we decline to address Mr. Smith's third assignment of error at this time. See App.R. 12(A)(1)(c).
 First Assignment of Error The trial court erred, to the prejudice of the Defendant father, in accepting as "the better plan and in the best interest of the children," a document which purported to be a shared parenting plan, but which failed to comply even minimally with the mandatory requirements for such a plan, as set forth at R.C. 3109.04(G).
 Second Assignment of Error The trial court erred, to the prejudice of the Defendant father, in asserting as facts in its Journal Entry facts and circumstances unsupported by, or contradicted by, the record, upon which facts the trial court apparently based its decision in this case.
Mr. Smith asserts that the trial court erred in adopting Ms. Smith's shared parenting plan because the proposed plan failed to meet the mandatory requirements of R.C. 3109.04(G). He further asserts that the trial court's judgment entry relied on facts that had no basis in the record, but rather, were contradicted therein. Due to our resolution of Mr. Smith's third assignment of error, we find these arguments to be moot and decline to address them. App.R. 12(A)(1)(c).
 III.
Mr. Smith's fourth assignment of error is sustained. His third assignment of error is rendered moot or unripe by our resolution of his fourth assignment of error. His first and second assignments of error are rendered moot by our disposition of his fourth assignment of error. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J., CONCUR