OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Terry L. Brannon, appeals from a judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling his objections to a magistrate's decision.
Appellant and appellee, Julie M. Calhoun-Brannon, were married in Orlando, Florida, on August 26, 1993. Two children were born as issue of the marriage: a daughter in 1994; and a second daughter in 1999. On October 29, 1999, appellee filed a complaint for divorce alleging extreme cruelty and gross neglect of duty. Attached to the complaint was a motion asking the trial court for custody of the two minor children pending the outcome of the divorce proceedings. On November 15, 1999, appellant filed an answer in which he denied the allegations in appellee's complaint and counterclaimed for divorce.
On November 24, 1999, appellant filed a motion with the trial court for shared parenting of the parties' children. In his motion, which included a custody schedule, appellant argued that shared parenting was in the best interest of the children because "it follow[ed] a pattern of care for the children that was established prior to the parties' separation."
The case was referred to a magistrate, who issued a decision recommending that appellee be designated the residential parent, and providing appellant with reasonable visitation privileges. Appellant filed a motion to set aside the magistrate's decision arguing that the magistrate had refused to entertain evidence on his motion for shared parenting. The trial court construed appellant's motion as objections to the magistrate's decision and overruled them on January 11, 2000.[1]
Appellee filed her own motion for shared parenting on June 29, 2000. On the same day, she filed objections to appellant's proposed plan, arguing, inter alia, that it was not in the best interest of the children, and that there had not been a change in circumstances justifying a modification of the current allocation of parental rights and responsibilities. Both parties subsequently filed additional written arguments in support of their respective positions.
The magistrate conducted a hearing on the matter on July 6, 2000. In a decision issued September 8, 2000, the magistrate recommended that shared parenting was not in the best interests of the children at that time because, while the plan would reduce the contact between appellant and appellee, in addition to the back and forth movement of the children, the minimal benefit derived therefrom did not justify ordering a change in the custody situation at that time.
Appellant filed objections to the magistrate's decision on September 15, 2000. In his objections, appellant maintained the magistrate denied his shared parenting plan under the mistaken belief that the parties already had a plan in place, when in fact, they did not. Accordingly, he submitted that the decision was "obviously hurried and without consideration of the facts."
The trial court overruled appellant's objections on September 20, 2000. From that decision, appellant filed a timely notice of appeal with this court. Nevertheless, after reviewing appellant's notice of appeal, we concluded that the trial court's judgment entry did not comply with the requirements relating to the adoption of a magistrate's decision. As a result, we remanded the matter so that the trial court could issue anunc pro tunc entry properly adopting the magistrate's September 8, 2000 decision. The trial court issued a new entry and the case proceeded according to rule.
In his sole assignment of error, appellant claims that he was denied a fair hearing on his motion for shared parenting because he was never permitted to introduce evidence in support of his position. He argues that the magistrate who conducted the July 6, 2000 hearing was under the mistaken impression that the issue had already been decided once before. According to appellant, based on this allegedly faulty factual premise, the magistrate, and in turn the trial court, never gave proper consideration to his motion.
The record shows that the parties have yet to finalize their divorce. As a result, the visitation order allocating parental rights in effect at this time is temporary in nature and does not constitute a final judgment. In other words, the magistrate's pretrial order is an interlocutory order, and the final allocation of parental rights is still subject to modification upon the entering of the final divorce decree.State ex rel. Thompson v. Spon (1998), 83 Ohio St.3d 551, 555. See, also, Shear v. Shear (Mar. 31, 1994), Cuyahoga App. No. 65339, unreported, 1994 WL 110939, at 2 (holding that temporary child custody orders are not final and appealable because of their interlocutory nature). Accordingly, the trial court's adoption of the September 8, 2000 magistrate's decision is not a final appealable order because it does not "determine the action" or prevent judgment for purposes of R.C.2505.02.[2]
Based on the foregoing analysis, it is ordered that appellant's appeal is hereby sua sponte dismissed. Appellant may file a new notice of appeal once the trial court issues a final divorce decree disposing of the case.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., GRENDELL, J., concurs.
[1] During the time between when appellant filed his motion to set aside the magistrate's decision and when the trial court overruled it, appellee filed a motion with the trial court to find appellant in contempt for violating his visitation privileges. However, appellee eventually voluntarily dismissed her motion on January 31, 2000.
[2] We would like to note that the granting of temporary custody to a parent during the pendancy of a divorce action is different from the granting of temporary custody to a public children services agency under Revised Code Chapter 2151. In re O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported, 2000 WL 1738366, at 2 (holding that a finding by a juvenile court that a child is neglected or dependant as defined in Revised Code Chapter 2151, followed by a disposition awarding temporary custody of the child to a public services agency, constitutes a final appealable order pursuant to R.C. 2505.02).