[Cite as *In re L.M.*, 2011-Ohio-2292.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96176

# IN RE:    L.M. IV

# (A Minor Child)

# JUDGMENT:
# DISMISSED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Juvenile Court Division
Case No. SU 02702684

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    May 10, 2011

**FOR APPELLANT**

Robert E. Davis
55 Public Square
Suite 1500
Cleveland, Ohio   44113-1998


**FOR APPELLEE**

Sharon Ward, pro se
340 Branford Dr.
Richmond Heights, Ohio   44143

**ATTORNEY FOR C.S.E.A.**

Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
1910 Carnegie Ave., 2nd Floor
Cleveland, Ohio   44115

EILEEN A. GALLAGHER, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Upon review of the record, we find that the appeal was not timely filed within 30 days of the judgment or order appealed.   See App.R. 4(A).   Moreover, for the reasons stated below, we find that the order being appealed is not a final appealable order.   Accordingly, we dismiss the

instant appeal.

{¶ 3} L.M., III appeals from the decision of the trial court ordering him to pay $18,641.21 in owed child support. L.M., III argues the trial court abused its discretion in ordering him to pay this amount because for years prior to the court's decision, he was the primary, custodial parent of the minor child. For the following reasons, we dismiss the instant appeal.

{¶ 4} On September 13, 2002, L.M., III filed a pro se application to terminate child support. In his application, L.M., III asked the court to terminate the order of child support because as of the date of the motion, he was the custodial parent of the minor child. On March 25, 2003, a magistrate assigned to the case dismissed L.M., III's application finding "[t]here is no proof that the Complainant has legal custody of the child in the absence of the Father without good cause shown. Therefore, the Father does not have legal standing to request the termination of the present child support obligation." The magistrate further ordered the child support obligation of March 5, 1996, which required L.M., III to pay $352.92 per month, to remain in full force and effect. The trial court did not act upon the magistrate's decision.

{¶ 5} On August 18, 2010, the Child Support Enforcement Agency issued findings and recommendations to terminate the child support order. At that time, CSEA determined that the minor child had reached the age of

majority and terminated the child support order. CSEA also ordered L.M., III to pay $18,641.21 in unpaid support in monthly increments of $335.26 per month. On November 5, 2010, L.M., III objected to CSEA's findings arguing, once again, that he was the custodial parent and that the arrearage was incorrect. On November 10, 2010, the trial court overruled L.M., III's objections.

{¶ 6} It is from this order that L.M., III appeals, raising the following sole assignment of error:

> "The trial court abused its discretion when it incorrectly determined that appellant was the obligor and miscalculated and assessed $18,641.21 in arrears and ordered him to pay an amount of $335.26 per month towards arrears."

{¶ 7} L.M., III's appeal centers around his original September 13, 2002 application to terminate his support obligation. In that application, L.M., III argued that since he had become the custodial parent of the minor child, he should no longer have to pay $352.92 per month in child support. Although the magistrate denied L.M., III's application, the record reveals that the trial court took no action with regards to the magistrate's decision.

{¶ 8} To the extent that the magistrate's decisions were effective, without being adopted by a trial judge, those decisions are interlocutory and not final appealable orders. See *State ex rel. Thompson v. Spon* (1998), 83 Ohio St.3d 551, 700 N.E.2d 1281; *Bond v. Bond* (Dec. 15, 1998), Franklin

App. No. 98AP-356, 98AP-0143; *McClain v. McClain* (Sept. 20), Champaign App. No. 02CA04, 2002-Ohio-4971. Alternatively, to the extent a trial judge was required to adopt the magistrate's decisions to make them effective, the trial court's failure to do so renders the magistrate's decisions interlocutory. *Bond;* See, also Civ.R. 53(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court"). In either instance, the magistrate's decision is an interlocutory order, not a final appealable order and therefore, subject to dismissal for lack of jurisdiction. *Bond, McClain.*

{¶ 9} Given the foregoing, we are required to dismiss the instant appeal.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR