OPINION
{¶ 1} Appellant, William Jacobberger, appeals from a judgment entry of the Geauga County Court of Common Pleas, Juvenile Division, denying his motion to modify a shared parenting plan and, to a limited extent, modifying the plan in favor of appellee, Marianne Brown. For the reasons that follow, we affirm.
 {¶ 2} On October 7, 1997, appellant filed a complaint in the Geauga County Court of Common Pleas, Juvenile Division. The complaint asked the juvenile court to allocate parental rights between appellant and appellee with respect to their biological, minor son ("the child"), born May 28, 1993. Ultimately, the parties agreed upon a shared parenting plan which was accepted by the juvenile court.
 {¶ 3} Pursuant to the shared parenting plan, the parties were both designated as residential parents and legal custodians of the child during his or her respective possession times. Appellee, however, was designated as the residential parent for school purposes. Although each party was considered the residential parent and legal custodian of the child at different times, notification and consent of both parents was required prior to the child engaging in certain activities.[1]
 {¶ 4} A possession schedule agreed upon by the parties was attached to the shared parenting plan. Under the schedule, when the child entered kindergarten, appellee would generally have possession from Sunday at 6:00 p.m. until Friday at 5:00 p.m. Appellant would have possession of the child from 5:00 p.m. until 8:00 p.m. on Wednesday nights. Appellant's possession would then resume at 5:00 p.m. on Friday nights and conclude at 6:00 p.m. on Sunday nights.
 {¶ 5} On October 7, 2002, appellee filed a motion to modify the shared parenting plan.[2] Specifically, appellee moved the court to modify the plan as follows: (1) change appellant's weekend visitation from every weekend to every other weekend; (2) eliminate appellant's mid-week visitation or, in the alternative, add a provision requiring each party to provide sufficient time for the child to study and complete homework assignments, even if the completion of this work interferes with the parents' scheduled plans; (3) add a provision allowing appellee to enroll the child in sports activities and requiring the parent who has the child during the time of the scheduled activities to be responsible for transportation and attendance; and (4) modify the child support to reflect changes in the income of the parties.
 {¶ 6} In support of her motion to modify, appellee attested that modification was necessary due to the child's advancing age, his need to participate in sports/extracurricular activities and church, a change in appellee's employment schedule, and the lack of attention the child received while with appellant.
 {¶ 7} On January 31, 2003, appellant countered by filing his own motion to modify. Appellant's motion to modify requested an increase in his visitation time with the child and asked the court to designate him as the child's residential parent for school purposes.[3] As a basis for this modification, appellant stated that the child had been having difficulty in school, and appellant's assistance with school work had improved the child's grades. Appellant also noted that appellee's living situation had changed since the parties executed the shared parenting plan.
 {¶ 8} This matter proceeded to a hearing on May 29, 2003. During the hearing, the appointed guardian ad litem presented testimony regarding her written pre-hearing report and presented her recommendations. With respect to a modification of appellee's visitation, the guardian ad litem recommended that appellee be granted additional time with the child on weekends. The guardian ad litem testified that this additional time with appellee would allow the child to engage in further family activities with appellee's family which were not available during the work week.
 {¶ 9} Nevertheless, the guardian ad litem also recommended that appellant be granted additional visitation time with the child to compensate for any reduced weekend visitation. Specifically, the guardian ad litem testified that any significant reduction to the child's time with appellant would be detrimental to their relationship and may hinder the child's progress in school.
 {¶ 10} The guardian ad litem further recommended that appellee remain the residential parent for school purposes. She stated that the child was doing well in the current living situation and a substantial change of circumstances requiring such a drastic modification was not present.
 {¶ 11} Next, appellee testified that she had a strong bond with the child, but was currently unable to engage in certain family activities during the work week. She stated that her new work schedule was more flexible than her previous work schedule and, therefore, she could spend time with the child on the weekends. Moreover, appellee noted that additional weekend visitation would allow the child to bond with her husband and the child's future half-sibling.[4]
 {¶ 12} Appellee also testified that the child had adjusted to his current school, as his grades were improving and he enjoyed participating in the school's athletic programs. Appellee testified that changing schools would harm the child's progress and that appellant was attempting to use the shared parenting plan to control the child.
 {¶ 13} Appellant testified that the child's grades had improved recently because of his assistance with the child's school work. In conjunction with this improvement, appellant stated that, if he became the residential parent for school purposes, the child would be able to attend a better school.
 {¶ 14} He further testified that, despite his best efforts, neither appellee nor the school teachers communicated with him. In particular, appellant noted that on two separate occasions the school had recommended that the child be placed in summer school. However, on both occasions, neither the school nor appellee notified him of this recommendation. As a result, appellee unilaterally decided not to enroll the child in summer school.
 {¶ 15} Moreover, appellant testified that appellee consistently failed to obtain his consent in accordance with the shared parenting plan. Specifically, appellant stated that appellee had signed the child up for sports programs, changed school districts, and switched medical doctors without prior notification or consent. Thus, appellant concluded it would be in the best interest of the child to name appellant the residential parent for school purposes and alter the shared parenting plan accordingly.
 {¶ 16} On September 18, 2003, the juvenile court issued a judgment entry modifying the shared parenting plan to a limited extent. The court determined there had been a change in circumstances that warranted the modification. Specifically, the court noted a change in appellee's work schedule which created more free time during the weekends. Thus, the court concluded, "[i]t is in the child's best interest that the shared parenting plan be amended to allow for some of [appellee's] possession time to occur on weekends. * * * [T]he original shared parenting plan is hereby modified to allow [appellee] to have possession of the minor child the fourth weekend of every month from 9:00 A.M. on Saturday until 6:00 P.M. on Sunday."
 {¶ 17} The court further found that appellant's possession time should also be modified to compensate for his reduced weekend possession time. Accordingly, the court modified the plan, allowing appellant to spend an additional two weeks per year with the child, subject to thirty days advance notice to appellee. In the alternative, appellant could elect to have two additional evening visitations per month from 5:00 p.m. to 8:00 p.m.
 {¶ 18} Following the judgment entry, appellant filed a motion requesting additional factual findings. The court complied by issuing supplemental findings of fact. The court's supplemental findings of fact expressly denied appellant's request to be named the residential parent for school purposes. The court noted that doing so "would necessitate a drastic modification of the current allocation of parenting time and a disruption of the child's well established routine. It would also require the child to change his school again. The court finds that despite the animosity these two parents feel towards each other, the child has adjusted well to the current shared parenting plan and is doing well in school and in both parents' homes."
 {¶ 19} From this judgment, appellant filed a timely notice of appeal and now sets forth the following five assignments of error:
 {¶ 20} "[1.] The trial court erred in failing to failing [sic] to make findings of fact sufficient to support the trial court's conclusions of law as required by statute and case law.
 {¶ 21} "[2.] The trial court's determination that it is not in the best interest of the child that the appellant be named residential parent for school purposes is abuse of discretion, against the manifest weight of the evidence and contrary to law.
 {¶ 22} "[3.] The trial court erred in applying the threshold requirements of Section 3109.04(E)(1)(a) of the Ohio Revised Code to this matter and by requiring a substantial change of circumstances for the modifications requested by the appellant in his motion to modify.
 {¶ 23} "[4.] The trial court erred in granting the appellee's motion for increased companionship with the minor child of the parties and said modification is abuse of discretion, against the manifest weight of the evidence and contrary to law.
 {¶ 24} "[5.] the trial court erred in failing to recalculate the amount of child support pursuant to Section 3119.79(A) of the Ohio Revised Code to determine whether there exists a change of circumstances substantial enough to require a modification of the child support amount."
 {¶ 25} For the sake of clarity, we will discuss appellant's assignments of error out of order. Under his first assignment of error, appellant argues that, despite supplemental findings of fact, the juvenile court failed to set forth sufficient factual findings to facilitate an adequate appellate review. In support of this argument, appellant cites to the court's alleged failure to set forth a factual basis relating to its conclusion that "it is not in the child's best interest that the case plan be modified to the extent that is requested by [appellant]." Appellant further submits that the juvenile court failed to consider the non-exclusive factors set forth in R.C.3109.04(F)(1) and (2). We disagree.
 {¶ 26} Typically, a judgment entry "may be general" unless a party makes a specific request for separate "findings of fact and conclusions of law." Civ.R. 52. See, also, In re Kennedy
(1994), 94 Ohio App.3d 414, 417. Further, "[a]fter reviewing the entirety of R.C. 3109.04, it is evident that the R.C. 3109.04(C) requirement of findings of fact and conclusions of law applies to final decrees allocating parental rights and responsibilities or a subsequent modification of final decrees * * * allocating parental rights and responsibilities." State ex rel. Thompson v.Spon (1998), 83 Ohio St.3d 551, 554. Hence, in the case at bar, the juvenile court was required to set forth the relevant findings of fact and legal conclusions regarding its limited modification of the shared parenting plan. See, e.g., Smith v.Smith (Feb. 7, 2001), 9th Dist. No. 00CA007619, 2001 Ohio App. LEXIS 405, at 7-8.
 {¶ 27} An examination of the juvenile court's judgment entry and supplemental findings of fact confirms that sufficient factual findings and conclusions of law were provided. In particular, the court made the following legal conclusions: (1) it would not be in the best interest of the child to drastically modify the parenting plan in accordance with appellant's request to become the residential parent for school purposes; and (2) neither parent demonstrated a change in circumstances warranting the extensive modification to the shared parenting plan that each party separately advocates.
 {¶ 28} In support of its legal conclusions, the court noted that the modification requested by appellant would result in a disruption of the child's well established routine and that this disruption would include a change in schools. In addition, the court found the child to have adjusted well to the current shared parenting plan, elementary school, and his parents' homes. In fact, the minor modification of the shared parenting plan was predicated upon appellee's flexible weekend work schedule and appellee's desire to engage in weekend family activities with the child. The modification was made despite the court's finding that appellee had generally failed to comply with the consent requirements of the shared parenting plan. Thus, the juvenile court provided sufficient factual findings and legal conclusions to facilitate an adequate appellate review. This portion of appellant's first assignment of error is not well-taken.
 {¶ 29} Moreover, R.C. 3109.04(F)(1) sets forth factors governing the allocation of parental rights and responsibilities, and states that, in determining the best interest of a child, the court shall consider all "relevant factors," including, but not limited to: (a) the wishes of the child's parents; (b) if the court has interviewed the child in chambers regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child; (c) the child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest; (d) the child's adjustment to his home, school, and community; (e) the mental and physical health of all persons involved; (f) the parent more likely to honor and facilitate visitation and companionship rights approved by the court; (g) whether either parent has failed to make all child support payments, including all arrearages, that are required; (h) whether either parent previously has been convicted of or pleaded guilty to any criminal offense; (i) whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court; and (j) whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 30} Although the juvenile court did not make written findings with respect to each factor under R.C. 3109.04(F)(1), its judgment entry and supplemental findings of fact discussed those factors relevant to its determination. Namely, the court considered the child's adjustment to his home, school, and community. The court also considered the child's interaction and interrelationship with his parents, and any other person who may significantly affect the child's best interest. Finally, the court considered appellee's failure to completely comply with the shared parenting plan and the general well-being of the child in his current living situation.
 {¶ 31} Notwithstanding the juvenile court's failure to expressly state its findings with respect to each and every factor, the record before us clearly demonstrates that the court has considered the relevant factors of R.C. 3109.04(F)(1). See, e.g., Engelmann v. Engelmann, 11th Dist. No. 2003-A-0020,2004-Ohio-1530, at ¶ 31.
 {¶ 32} Furthermore, an examination of the language of R.C.3109.04(F)(2) demonstrates that this statutory provision is not applicable to the case at bar. R.C. 3109.04(F)(2) provides a list of non-exclusive factors when determining "whether shared parenting is in the best interest of the children[.]" Clearly, the factors of R.C. 3109.04(F)(2) are only applicable to a court's determination as to whether shared parenting should be established or eliminated. Here, both parties merely asked that the plan be modified in some respect. Accordingly, R.C.3109.04(F)(2) is not applicable to the instant matter.
 {¶ 33} Because the court adequately addressed its legal conclusions and factual findings, and considered the relevant factors of R.C. 3109.04(F)(1), the judgment entry and supplemental findings of fact are sufficient. Appellant's first assignment of error is without merit.
 {¶ 34} Under his third assignment of error, appellant argues that the juvenile court erred by applying the statutory requirements of R.C. 3109.04(E)(1)(a) to the instant case. Appellant maintains the misapplication of R.C. 3109.04(E)(1)(a) resulted in the court improperly requiring appellant to demonstrate that a modification was in the best interest of the child and that there was a substantial change of circumstances necessitating a modification. Instead, appellant states that the court should have applied R.C. 3109.04(E)(2)(b), which only requires a modification to be in the best interest of the child. We disagree.
 {¶ 35} When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs a de novo standard of review. Akron v. Frazier (2001),142 Ohio App.3d 718, 721. R.C. 3109.04(E)(1)(a) requires the juvenile court to find that a modification is in the best interest of the child and is necessary due to a substantial change in circumstances. In contrast, R.C. 3109.04(E)(2)(b) only requires the juvenile court to determine that the modification is in the best interest of the child.
 {¶ 36} As mentioned previously, the court's supplemental findings determined that it was not in the best interest of the child to modify the shared parenting plan in accordance with appellant's modification request and neither parent had shown a substantial change of circumstances. Based upon this dual finding, it is clear that the juvenile court applied R.C.3109.04(E)(1)(a) to the case sub judice.
 {¶ 37} In Porter v. Porter, 9th Dist. No. 21040, 2002-Ohio-6038, 2002 Ohio App. LEXIS 5863, at 1-2, both parents were named as the residential parents and legal custodians of three minor children, in accordance with a shared parenting plan. The father, however, was designated as the residential parent for school purposes. Id. The mother moved for a modification of the plan to be named as the residential parent for school purposes. The juvenile court granted the mother's modification request. Id. at 2. As a result of this modification, the father filed a timely appeal. Id.
 {¶ 38} On appeal, the Ninth Appellate District upheld the modification, reasoning that R.C. 3109.04(E)(2)(b) was applicable. Id. at 4. In particular, the Ninth District determined R.C. 3109.04(E)(2)(b) to be applicable because "the judgment entry of the trial court merely changes the designation of the residential parent for school purposes, and this change does not affect the legal rights of either parent nor does it involve a reallocation of parental rights." Id. at 4.
 {¶ 39} In contrast, in Bauer v. Bauer, 12th Dist. No. CA2002-10-083, 2003-Ohio-2552, 2003 Ohio App. LEXIS 2339, at 2, the parents agreed to a shared parenting plan which designated both of them as residential parents. The father filed a motion to modify the plan to substantially increase his possession time. Id. The juvenile court denied the father's motion to modify, and the father filed a timely appeal.
 {¶ 40} On appeal, the Twelfth Appellate District upheld the juvenile court's denial of the father's motion to modify, reasoning that R.C. 3109.04(E)(1)(a) was applicable. Id. at 7. In doing so, the Twelfth District stated, "R.C. 3109.04(E)(1)(a) must be applied to those modifications that substantiallychange the allocation of the parties' parental rights, whereas R.C. 3109.04(E)(2)(b) applies to mere modifications of the terms of a shared parenting agreement, such as a transportation provision." (Emphasis added.) Id.
 {¶ 41} After reviewing the aforementioned cases, we conclude that the instant case is more analogous to Bauer. Appellant's request to modify the shared parenting plan to designate him as the residential parent for school purposes would substantially change the allocation of the parties' parental rights. The modification asked for by appellant would significantly decrease appellee's time with the child by allowing appellant possession of the child during the entire school week, thereby reducing appellee's possession time to weekend visits. Because the modification requested by appellant would substantially change the allocation of the parties' parental rights, the juvenile court properly applied R.C. 3109.04(E)(1)(a). Thus, this portion of appellant's third assignment of error is not well-taken.
 {¶ 42} Nevertheless, appellant further argues that even if R.C. 3109.04(E)(1)(a) applies, the evidence before the juvenile court clearly demonstrated substantial changes necessitating a modification. Appellant submits that these substantial changes include changes in the child's school environment, family unity, and residence.
 {¶ 43} Although the child's life had changed in some respects since the inception of the plan, these changes do not represent the substantial changes contemplated by R.C. 3109.04(E)(1)(a). Appellant fails to demonstrate how these changes were detrimental to the welfare of the child under the current shared parenting plan. The guardian ad litem testified she was unable to find a substantial change which would require such a drastic modification. Moreover, the guardian ad litem stated that a drastic modification of the current plan could be detrimental to the child's progress in school. Accordingly, the juvenile court properly found that a substantial change requiring modification under R.C. 3109.04(E)(1)(a) was not present and, therefore, this portion of appellant's third assignment of error is also not well-taken.
 {¶ 44} Based upon the foregoing, the juvenile court properly applied R.C. 3109.04(E)(1)(a) and there was no evidence of a substantial change of circumstances requiring modification of the shared parenting relationship. Thus, appellant's third assignment of error is without merit.
 {¶ 45} Under his second assignment of error, appellant contends the juvenile court's finding that it was not in the best interest of the child to name appellant as the residential parent for school purposes was against the manifest weight of the evidence.[5] In support of this contention, appellant states that the child's difficulty in school dissipated once appellant began to assist the child with homework. Furthermore, appellant argues that a modification would be in the best interest of the child due to appellee's unwillingness to communicate with appellant and comply with the shared parenting plan.
 {¶ 46} In matters relating to the allocation of parental rights and responsibilities for the care of minor children, the trial court is vested with broad discretion. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. A trial court's decision regarding these issues is subject to reversal only upon a demonstration of an abuse of that discretion. Masters v. Masters (1994),69 Ohio St.3d 83, 85. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 47} "When applying an abuse-of-discretion standard, a reviewing court is not free merely to substitute its judgment for that of the trial court. * * * This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures and attitude. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record." In re LS,152 Ohio App.3d 500, 2003-Ohio-2045, at ¶ 12.
 {¶ 48} As discussed previously, the juvenile court considered the relevant factors of R.C. 3109.04(F)(1) when determining the best interest of the child. These considerations were supported by the evidence presented at the hearing. Namely, the guardian ad litem's report and testimony substantiate the court's findings with respect to the child's best interest. While there was evidence that appellant's assistance with the child's homework improved his grades, the juvenile court was in the best position to weigh this factor against those previously mentioned factors weighing against a drastic modification. Likewise, the court was in the best position to weigh evidence of appellee's failure to communicate and comply with the plan against the other relevant considerations. Ultimately, the juvenile court found that it was in the child's best interest to deny appellant's modification. Because the juvenile court's judgment was supported by the evidence, such judgment was not against the manifest weight of the evidence. Appellant's second assignment of error is without merit.
 {¶ 49} Under his fourth assignment of error, appellant argues that the court abused its discretion by increasing appellee's possession time, as such a determination was against the manifest weight of the evidence. Appellant's argument is predicated upon appellee's allegedly inflexible weekend work schedule, her ability to enjoy activities with the child during the week, and appellant's ability to adjust his visitation schedule to conform with the child's activities.
 {¶ 50} We first note that the court did not fully comply with appellee's modification request. Instead, the court made a minor modification to the plan which would allow appellee and her family to spend one weekend per month together. Moreover, the court attempted to compensate appellant for his reduced possession time by further modifying the plan to allow appellant additional possession time with the child.
 {¶ 51} That being said, the court's minor increase of appellee's possession time was not against the manifest weight of the evidence. Again, we will apply an abuse of discretion standard. As stated previously, the court adequately considered the factors of R.C. 3901.04(F)(1). The court's decision to modify the plan turned upon a change in appellee's employment, which allowed for flexibility on the weekends, and appellee's inability to engage in family activities with the child during the work week.
 {¶ 52} At the hearing, appellee testified regarding her future more flexible work schedule. Specifically, she stated that her employer would likely be hiring a new manager which would allow her to rotate weekend work schedules, giving her a full weekend off. Appellee further testified that her current weekend work schedule concluded at 2:00 p.m. on Saturday and, therefore, she could spend the remainder of the weekend participating in family activities with the child. The guardian ad litem also testified that additional family time with appellee, her husband, and the child's future half-sibling would be beneficial for the child.
 {¶ 53} The aforementioned confirms that the court's minor modification of the shared parenting plan was not against the manifest weight of the evidence. Appellant's fourth assignment of error is without merit.
 {¶ 54} Under his fifth assignment of error, appellant contends that the court erred in failing to recalculate child support pursuant to R.C. 3119.79(A). Appellant's argument is based upon appellee's motion to modify which requested a recalculation of child support. Essentially, appellant asserts that the juvenile court erred because it failed to comply with appellee's request for a recalculation of child support.
 {¶ 55} Appellant has no standing to take an appeal from the juvenile court's alleged failure to address appellee's request for a recalculation of child support. "It is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has been prejudiced by the judgment of the lower court." Love v. Tupman (1969),19 Ohio St.2d 111, 113. See, also, Ohio Sav. Bank v. Ambrose
(1990), 56 Ohio St.3d 53, 56. The appellant "has the burden of showing that his rights have been adversely affected by the trial court's judgment." Ball v. Ball (Dec. 30, 1994), 11th Dist. No. 93-P-0054, 1994 Ohio App. LEXIS 5970, at 6.
 {¶ 56} Here, appellant has failed to demonstrate how the juvenile court's failure to address appellee's request for a recalculation adversely affected or prejudiced him. Appellant cannot be considered an aggrieved party regarding the juvenile court's failure to address appellee's request for a recalculation of child support. Thus, appellant has no standing, and his fifth assignment of error is without merit.
 {¶ 57} Based upon the foregoing analysis, appellant's five assignments of error are without merit. We hereby affirm the judgment of the juvenile court.
Ford, P.J., O'Neill, J., concur.
[1] While the plan did not list all the activities which required consent, excluded from the consent requirements were consent for school field trips and consent for medical emergencies.
[2] Besides the request for modification, appellee further asked appellant to show cause for violating the plan by failing to pay day-care expenses and requested that appellant pay for attorney fees.
[3] Designating appellant as the residential parent for school purposes would have required the child to change schools.
[4] Appellee was pregnant at the time of the hearing.
[5] Appellant's second assignment of error relies upon R.C.3109.04(E)(2)(b). We previously determined that R.C.3109.04(E)(1)(a) is the appropriate statutory provision. This distinction, however, is irrelevant as both sections require the court to find a modification to be in the best interest of the child.