[Cite as *In re E.M.M.*, 2017-Ohio-4239.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| IN RE:  E.M.M. | **:** | **O P I N I O N** |
| | **:** | |
| | | **CASE NO.  2016-T-0057** |
| | **:** | |

Civil appeal from the Trumbull County Court of Common Pleas, Juvenile Division. Case No. 2013 JS 00109.

Judgment: Affirmed.

*Gary R. Rich,* 342 Mahoning Avenue, N.W., P.O. Box 4010, Warren, OH  44482-4010 (For Appellee Wendy D. Torr).

*Christopher A. Maruca,* The Maruca Law Firm, LLC, 201 E. Commerce St., Suite 316, Youngstown, OH  44503 (For Appellant Michael E. Masich).

*Elise M. Burkey,* Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, OH  44483-5805 (Guardian ad litem).

TIMOTHY P. CANNON, J.

{¶1}    Appellant, Michael E. Masich, appeals from the May 9, 2016 order of the Trumbull County Court of Common Pleas, Juvenile Division, sustaining his objections to the magistrate's decision filed January 19, 2016.  For the following reasons, the trial court's judgment is affirmed.

{¶2}    Appellant and appellee, Wendy D. Torr, are the natural parents of minor child E.M.M. (d.o.b. 9/5/2012); they were never married.  Appellee notified appellant she

planned to move to Florida with E.M.M. On July 30, 2014, appellant filed a complaint for allocation of parental rights and responsibilities, a request for shared parenting, and a request that the natural mother not remove the child from the court's jurisdiction pending final resolution of the proceedings. Appellee moved to Florida with E.M.M. on September 4, 2014.

{¶3} A guardian ad litem was appointed, and the parties agreed to submit to mediation. On May 1, 2015, appellant filed a motion to adopt a shared parenting plan with a proposed shared parenting plan attached. Hearings on appellant's complaint were held on August 10, 2015, and December 9, 2015.

{¶4} A magistrate's decision was filed on January 19, 2016. The magistrate found it in the child's best interest to remain in the custody of appellee. The magistrate denied appellant's request for shared parenting because of the distance between the parties. The magistrate found appellant should be entitled to the standard guidelines of visitation for long distance visitation, at a minimum, and also granted appellant two weeks of visitation with the child, to be exercised February 7, 2016, through February 21, 2016. The trial court entered an order on January 19, 2016, adopting the magistrate's decision.

{¶5} On February 2, 2016, appellant filed an objection to the magistrate's decision of January 19, 2016, and also a request for a transcript of proceedings. Appellant took issue with the magistrate's allocation of visitation, stating:

> Due to this abuse of discretion, said objections are being filed requesting that her honor review the transcript and the testimony of all parties which will show that even if the Court determined that father should not receive custody, there is no basis for limiting his amount of time with minor child to eight (8) weeks per year when the minor child is not yet of school age.

WHEREFORE, it is hereby father's request that his objections with respect to additional companionship be granted and this matter be remanded to the Magistrate for further hearing pursuant to the amount of companionship that should be exercised between father and the subject minor child. To provide father with this amount of limited time based upon the totality of the evidence presented is clearly an abuse of the Magistrate's discretion[.]

{¶6} Although appellant made reference to his motion to adopt the shared parenting agreement in passing, he did not make specific objections to the portion of the magistrate's decision that recommended overruling his motion for custody and motion for shared parenting. Appellee filed a brief in opposition to the objection on May 3, 2016.

{¶7} A transcript of the proceedings before the magistrate was filed on May 6, 2016. On May 9, 2016, the trial court entered a judgment order, sustaining appellant's objection to the magistrate's decision and remanding the matter to the magistrate "for further consideration of additional visitation in excess of the Court's Standard Long Distance Schedule and the GAL's recommendation for additional visitation." The court stayed all orders previously issued by the magistrate. Essentially, the trial court sustained the objection and remanded the matter to the magistrate for further consideration.

{¶8} On June 7, 2016, appellant filed a timely notice of appeal from the trial court's May 9, 2016 judgment order.

{¶9} On August 3, 2016, appellant filed a motion for remand in this court. Appellant stated his appeal was filed relative to the issue of custody, but requested that the matter be remanded pursuant to the May 9, 2016 order sustaining his objection and

3

remanding the matter of visitation to the magistrate for further hearing. The motion for remand was granted on August 11, 2016.

{¶10} On remand, a hearing on visitation was held September 2, 2016. The magistrate noted the proceeding was a "Hearing on visitation on remand following Objection to Magistrate's Decision." The magistrate filed a decision on September 12, 2016, recommending visitation according to the standard guidelines for long distance visitation with the following additional weeks: the last full week in October, the last full week in February, and the last full week in April. There were no other modifications to the magistrate's prior decision. Appellant did not file objections to this magistrate's decision. The trial court entered judgment on September 12, 2016, adopting the magistrate's decision. Appellant did not file a transcript of the September 2, 2016 hearing with this court.

{¶11} Appellant filed his appellate brief on November 2, 2016. No appellee's brief was filed.

{¶12} On appeal, appellant asserts one assignment of error:

{¶13} "The Trial Court and the Magistrate abused their discretion in failing to designate Father/Appellant the Custodial Parent or in failing to order Shared Parenting, despite the overwhelming weight of the evidence."

{¶14} Appellant appears to argue the trial court failed to consider the best interest of the minor child when it adopted the magistrate's decision of January 19, 2016, and ordered the standard visitation schedule, denying appellant's request for shared parenting, and granting custody of the child to appellee in Florida. Appellant maintains it was in the child's best interest either to remain in Ohio or "to maintain

4

shared parenting until the Minor Child was of school age and distance became a significant factor."

{¶15} Under Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.]" "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). "'[O]bjections must be more than "indirectly addressed": they must be specific.'" *In re Adoption of K.A.R.*, 11th Dist. Ashtabula No. 2015-A-0055, 2016-Ohio-4595, ¶8, quoting *Ayer v. Ayer*, 1st Dist. Hamilton No. C-990712, 2000 WL 864459, *3 (June 30, 2000). "When an objecting party fails to state an objection with particularity as required under Civ.R. 53(D)(3)(b)(ii), the trial court may affirm the magistrate's decision without considering the merits of the objection." *Wallace v. Willoughby*, 3d. Dist. Shelby No. 17-10-15, 2011-Ohio-3008, ¶20 (citations omitted).

{¶16} The trial court essentially sustained appellant's objection with respect to the magistrate's allocation of visitation. At oral argument, appellant maintained that he also filed objections to the magistrate's denial of the shared parenting agreement and allocation of custody to appellee. However, the record does not demonstrate that appellant filed specific objections to those issues. Appellant failed to raise specific objections with regard to the magistrate's denial of the shared parenting agreement and allocation of custody to appellee in the magistrate's decision of January 19, 2016. Additionally, the trial court understandably did not recognize objections to those issues and neither sustained or overruled them in its May 9, 2016 order.

{¶17} The visitation order was revised after remand. When it was revised, appellant raised no objection. Therefore, because appellant never properly objected to the magistrate's denial of appellant's request for shared parenting and grant of custody to appellee, we review the orders of the trial court for plain error.

{¶18} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion[.]" Civ.R. 53(D)(3)(b)(iv); *see also Golubski v. U.S. Plastic Equip., LLC*, 11th Dist. Portage No. 2015-P-0001, 2015-Ohio-4239, ¶34. "The plain error doctrine provides for the correction of errors clearly apparent on their face and prejudicial to the complaining party even though the complaining party failed to object to the error at trial." *Golubski, supra.*

{¶19} Under R.C. 3109.04(A)(1), when one parent files a motion for shared parenting and submits a proposed parenting plan, but the court finds it is not in the best interest of the child, "the court, in a manner consistent with the best interest of the [child], shall allocate the parental rights and responsibilities for the care of the [child] primarily to one of the parents [and] designate that parent as the residential parent and the legal custodian of the child[.]" *See also Cybulski v. Ramsey*, 11th Dist. Ashtabula No. 2000-A-0061, 2001 WL 734424, *2 (June 29, 2001). In making a determination of the best interest of the child, the court must consider all relevant factors, including the factors listed in R.C. 3109.04(F)(1). *In re Jacobberger*, 11th Dist. Geauga No. 2003-G-2538, 2004-Ohio-6937, ¶29; *see also Smith v. Smith*, 11th Dist. Trumbull No. 2009-T-0064, 2010-Ohio-3051, ¶10 (citations omitted) ("it is not necessary for the trial court to set forth its analysis as to each factor in its judgment entry so long as it is supported by

some competent, credible evidence"). When the court denies a parenting plan, it must enter in the record findings of fact and conclusions of law as to the reason for the denial. R.C. 3109.04(D)(1)(a)(iii).

{¶20} Here, the trial court denied appellant's shared parenting plan. The trial court entered its findings of fact and conclusions of law, stating it found it in the best interest of the child to remain in the legal custody of his mother and cited the distance between the parties as the reason for the denial of appellant's request for shared parenting. We, therefore, find no plain error in the trial court's denial of appellant's shared parenting plan and allocation of custody to appellee.

{¶21} Appellant's sole assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.