[Cite as *Eicher v. Nationwide*, 2012-Ohio-490.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97059**

## KENNETH EICHER

PLAINTIFF-APPELLANT

vs.

## NATIONWIDE

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-666054

**BEFORE:** Jones, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEYS FOR APPELLANT**

Nicole T. Fiorelli
Patrick J. Perotti
Dworken & Bernstein Co., LPA
60 South Park Drive
Painesville, Ohio 44077

Edwin E. Schottenstein
Schottenstein Law Offices
100 East Broad Street
Suite 1337
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEES**

Timothy D. Johnson
Cavitch, Familo & Durkin Co., LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114

Michael H. Carpenter
Katheryn M. Lloyd
Carpenter, Lipps & Leland, LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

John Marino
Lindsey R. Trowell
Fowler White Boggs Banker PA
50 North Laura Street
Suite 2200
Jacksonville, Florida 32202

LARRY A. JONES, J.:

**{¶ 1}** Plaintiff-appellant, Kenneth Eicher, appeals the trial court's October 21, 2010 judgment granting defendant-appellee's, Nationwide, motion to dismiss to Eicher's fraud claim.   Eicher also appeals the trial court's June 22, 2010 judgment in which it sua sponte dismissed his remaining breach of contract claim.   We affirm.

## I.   Procedural History

**{¶ 2}** Eicher filed this action in July 2008, individually and on behalf of a proposed class of similarly situated individuals.[1]   He amended his complaint in April 2010.   The amended complaint asserted two claims for relief: Count 1, fraud, and Count 2, breach of contract.

**{¶ 3}** Eicher alleged in his amended complaint that he had an insurance policy with Nationwide that included (1) uninsured/underinsured motorist coverage for bodily injury ("UMBI") and (2) medical payments coverage.   He further alleged that he was charged, and paid, a separate premium for both coverages.

**{¶ 4}** Eicher alleged that his policy contained a "non-duplication" clause, which stated that Nationwide "'will make no duplicate payment to or for any insured for the same element of loss.'" Amended complaint, ¶ 7, 8.   According to Eicher,

> [u]nder the non-duplication clause, [Nationwide] would not pay both (a) all sums that an insured person is legally entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by such insured person under the UMBI coverage limit of the policy, and (b) also the reasonable expenses incurred for necessary medical treatment sustained by the insured person and caused by a motor vehicle accident under the Med. Pay coverage limit of the policy.

---

[1]The class was not certified.

*Id.* at ¶ 9.

{¶ 5}   Nationwide filed a motion to dismiss both counts of the amended complaint for failure to state a claim upon which relief can be granted.   Nationwide contended the following in its motion: (1) that Eicher did not have standing because he did not allege that he suffered any injury or that Nationwide breached its contract; (2) the fraud claim was barred by the four-year statute of limitations; and (3) the Ohio superintendent of insurance had exclusive, or at least primary, jurisdiction over the claims because they were based on premiums charged, which was regulated by the superintendent of insurance.

{¶ 6}   Initially, the trial court granted the motion as to the fraud count, but denied it as to the breach of contract count.   In regard to the fraud count, the trial court held that it was barred by the four-year statute of limitations. Subsequently, under the authority of the Ohio Supreme Court's ruling in *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, the trial court sua sponte dismissed the remaining breach of contract claim.   Eicher submits the following assignments of error for our review:

> I.   The trial court erred in granting Nationwide's motion to dismiss appellant's fraud claim.
>
> II.   The trial court erred in sua sponte dismissing the remainder of appellant's amended complaint, the breach of contract claim, for lack of standing.

## II.   Law and Analysis

A.   Standard of Review for Motion to Dismiss

**{¶ 7}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *Id.*

B. Eicher's Claims: Fraud and Breach of Contract

**{¶ 8}** The elements of a fraud claim are:

(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance. *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 27, citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101 (1986).

**{¶ 9}** In his amended complaint, relative to fraud, Eicher claimed that Nationwide

represented to Plaintiffs separate coverage under the UMBI coverage and Med. Pay coverage[,] * * * Plaintiffs relied on this representation to their detriment, by paying separate premiums for both UMBI coverage and Med. Pay coverage when [Nationwide] combines the limits of coverage for the two separate types of coverage and does not pay benefits on both. Amended complaint, ¶ 24, 25.

**{¶ 10}** Eicher further alleged that Nationwide "made such representations falsely, with knowledge of its falsity, or with utter disregard and recklessness as to whether this

representation was true or false that knowledge of falsity may be inferred." *Id.* at ¶ 26. According to Eicher, Nationwide "intended Plaintiffs to rely on the representation in order to receive payment of two separate premiums[,] * * * [and] Plaintiffs have been harmed." *Id.* at ¶ 27, 30.

{¶ 11} Relative to breach of contract,

[g]enerally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach. (Emphasis omitted.) *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996), citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995).

{¶ 12} Eicher claimed that Nationwide "breached its duties under the insurance agreements with Plaintiffs by refusing to pay insurance benefits under each coverage Plaintiffs paid a premium for, UMBI coverage and Med. Pay coverage." Amended complaint, ¶ 35. Absent from Eicher's amended complaint was any allegation that claims *were actually made* to Nationwide. The lack of such an allegation was fatal for Eicher's complaint.

{¶ 13} "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus. "'The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented.'" *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22,

quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994).

{¶ 14} In dismissing the fraud claim, the trial court found that it was barred by the four-year statue of limitations.   Upon our de novo review, we find another reason why dismissal was proper: lack of resulting injury.   Eicher did not allege that a claim was made to and denied by Nationwide and, thus, cannot demonstrate that he has been injured.

{¶ 15} Similarly, the trial court properly dismissed the breach of contract claim.   In *Kincaid*, supra, which the trial court relied on for its sua sponte dismissal of Eicher's breach of contract claim, the Ohio Supreme Court held that the insured did not have standing to bring suit against his insurance company under the "additional payments" provision of his policy because he never informed the company that he had incurred expenses and requested reimbursement.   The Court, quoting *Midwest Specialities, Inc. v. Firestone Tire & Rubber Co.*, 42 Ohio App.3d 6, 536 N.E.2d 411 (9th Dist.1988), paragraph one of the syllabus, held that "'[a] cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach.'" *Id.* at ¶ 13.

{¶ 16} Further, sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.   *State ex rel. Thompson v. Spon*, 83 Ohio St.3d 551, 553, 1998-Ohio-298, 700 N.E.2d 1281; *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 1999-Ohio-27, 718 N.E.2d 1285.   Here, Eicher cannot prevail on either fraud or breach of contract claims because he has not made a

claim and been denied and, therefore, has not suffered an injury.

{¶ 17} In light of the above, the trial court properly dismissed Eicher's complaint and his two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR