[Cite as *Kobal v. RBC Wealth Mgt.*, 2021-Ohio-213.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOHN E. KOBAL, :

    Plaintiff-Appellant, :

                        No. 109775

        v. :

RBC WEALTH MANAGEMENT, ET AL., :

    Defendants-Appellees. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 28, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-924092

---

### *Appearances:*

John E. Kobal, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se plaintiff-appellant, John Kobal ("Kobal"), appeals from the trial court's sua sponte dismissal of claims brought against defendant-appellee, KMK Consulting, LLC ("KMK"). For the reasons that follow, we affirm.

**Procedural History**

{¶ 2} At the outset, we must acknowledge that this case is only the latest in a series of unsuccessful attempts by Kobal to settle a financial dispute with his ex-wife, Kathleen M. Kobal ("Kathleen"). While the procedural history of the instant case is limited, a brief summary of additional litigation will provide critical context.

{¶ 3} Kobal and Kathleen were married in 1976. In 2001, Kathleen filed for divorce, but later voluntarily dismissed her complaint. In October 2006, Kobal was arrested for criminal charges involving a minor in case number CR-06-487194-A. The same month, Kobal executed a general power of attorney naming Kathleen as his attorney-in-fact. The document provided Kathleen with various powers over Kobal's estates and affairs. In November 2006, Kobal and two of his business partners assisted Kathleen in organizing KMK. According to Kathleen, Kobal's goal in organizing this entity was to create a vehicle to "protect the family from financial ruin" related to his criminal case.

{¶ 4} In March 2007, Kobal pleaded guilty to rape and other charges and was sentenced to 14 years in prison. Kobal did not appeal his criminal conviction. As of the date of this opinion, Kobal remains incarcerated; his prison term is set to expire on March 18, 2021. Before Kobal was incarcerated in April 2007, he transferred various assets, including an Edward Jones investment account and an RBC Wealth Management account, to KMK.

{¶ 5} In December 2015, Kathleen again filed a complaint for divorce. In December 2016, a contested trial was held before a magistrate judge. Because Kobal

was incarcerated at the time of the trial, he appeared by video. At trial, Kobal initially claimed that he had no memory of transferring an Edward Jones account worth approximately $160,000 to KMK. He ultimately testified that he had authorized this transfer, but he claimed that he and Kathleen had a verbal agreement that the funds were "not to be touched." He also admitted that he transferred an RBC Wealth Management account to KMK, and he admitted that there was no verbal agreement regarding any limitations on Kathleen using or retaining these funds.

{¶ 6} The magistrate made numerous findings relating to the division of the couple's property. The magistrate determined that the Edward Jones and RBC Wealth Management were Kathleen's separate property by virtue of her ownership of KMK consulting. In May 2017, the trial court adopted the magistrate's decision. The divorce decree stated, in relevant part:

> The Edward Jones account and the RBC accounts presently owned by KMK Consulting shall be transferred to [Kathleen] and shall remain her property free and clear of any claim by the Defendant.

Kobal appealed, and this court affirmed the trial court's decision. *Kobal v. Kobal*, 2018-Ohio-1755, 111 N.E.3d 804 (8th Dist.).

{¶ 7} The instant appeal stems from a case Kobal initiated on October 29, 2019, when he filed a complaint against KMK, RBC Capital Market, LLC ("RBC"),[1]

---

[1] Kobal improperly named RBC in the complaint as RBC Wealth Management.

and Kathleen.[2] The complaint listed eight "counts," styled as follows: 1) accounting; 2) breach of contract; 3) constructive fraud; 4) fraud; 5) deception, misrepresentation, and embezzlement; 6) negligence; 7) unjust enrichment; and 8) constructive trust. Specifically, Kobal alleged that defendants mishandled the funds that he had transferred from his account to the KMK account. The docket shows a failure of service on KMK. On November 21, 2019, Kobal filed a motion for a temporary restraining order and permanent injunction with a request for a hearing. According to the motion, Kobal made this request "to prevent the closing, transfer, assignment, pledge or withdrawal" of any funds in the KMK account.

{¶ 8} On November 26, 2019, RBC filed a motion to dismiss pursuant to Civ.R. 12(B)(6). RBC argued that Kobal failed to state a claim against it upon which relief could be granted. RBC further argued that even if Kobal had asserted actual claims against RBC, they were untimely because the relevant conduct occurred in 2007, and were barred by collateral estoppel because they were fully addressed in the divorce case. On November 27, 2019, RBC filed a brief in opposition to Kobal's motion for a temporary restraining order and permanent injunction.

{¶ 9} On November 30, 2019, Kathleen filed a motion to dismiss pursuant to Civ.R. 12(B)(6), 12(E), and 9(B). Kathleen made similar arguments as RBC. She also argued that Kobal failed to meet the fraud pleading requirements.

---

[2] Kobal also initiated nearly identical actions against Brian A. Cole and Associates ("Cole,") an entity owned by one of Kobal's former business partners, (Case Number CV-19-926447) and Edward Jones (Case Number CV-20-928021.)

**{¶ 10}** On December 13, 2019, Kobal filed a motion for default judgment against KMK.  On December 19, 2019, the trial court denied this motion because KMK had not been properly served with the complaint.  The trial court also granted the motions to dismiss filed by Kathleen and RBC.

**{¶ 11}**  The court held a case management conference by telephone on March 19, 2020.  KMK failed to appear and failed to file an answer.  The court set a default hearing for April 28, 2020.  Pursuant to the Ohio Supreme Court's March 27, 2020 administrative order tolling time limitations and deadlines in response to COVID-19, the default hearing was rescheduled for August 18, 2020.  *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974.

**{¶ 12}**  On April 29, 2020, Kathleen filed a motion to consolidate.  Kathleen moved to consolidate the underlying action with the actions Kobal filed against Edward Jones and Brian A. Cole & Associates et al., in addition to an action Kathleen initiated against Kobal for vexatious litigation.  In addition to the motion, Kathleen requested that the court declare Kobal a vexatious litigator.

**{¶ 13}**  On May 29, 2020, the court issued the following journal entry:

> Upon review of the complaint, the court hereby sua sponte dismisses the claims against defendant KMK Consulting, LLC as the claims are barred by res judicata, barred by the relevant statute of limitations, and fail to state legal causes of action.  Dismissed party Kathleen Kobal's motion to consolidate, filed 4/29/2020, is moot.  [Kobal's] pro se motion for default judgment vs. [KMK] for failure of defendant to answer complaint summons and service of publication, filed 4/3/2020, is moot.  [Kobal's] pro se motion to voluntarily dismiss defendant [RBC] and only defendant RBC from the lawsuit with prejudice

pursuant to Civil Rule 41(A)(1)(a), filed 12/19/2019, is moot. [Kobal's] pro se motion for temporary restraining order and permanent injunction with request for hearing, filed 11/21/2019, is denied. Final.

The trial court deemed Kathleen's motion to consolidate moot in light of the dismissal, and it did not otherwise address her request that Kobal be deemed a vexatious litigator.

{¶ 14} It is from this dismissal that Kobal now appeals, presenting six largely incoherent assignments of error for our review. KMK did not file an appellee brief or otherwise participate in this appeal.

**Law and Analysis**

{¶ 15} In Kobal's first and second assignments of error, he alleges that the trial court incorrectly applied res judicata in dismissing this case. In his third assignment of error, he argues that his claims were not barred by the statute of limitations. In his fourth assignment of error, he alleges that the trial court avoided discovery and therefore deprived him of a fair trial. In his fifth assignment of error, he argues that KMK was "unjustified, improper and abusive," apparently for failing to respond to Kobal's complaint. In his sixth and final assignment of error, Kobal argues that the trial court's determination that he failed to state a claim upon which relief can be granted was improper. None of these assignments of error has merit.

{¶ 16} Sua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *Eicher v. Nationwide*, 8th Dist. Cuyahoga No. 97059, 2012-Ohio-490, ¶ 16, citing *State ex rel.*

*Thompson v. Spon*, 83 Ohio St.3d 551, 553, 1998-Ohio-298, 700 N.E.2d 1281; *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 1999-Ohio-27, 718 N.E.2d 1285. Here, Kobal obviously cannot prevail on the facts alleged in the complaint.

{¶ 17} As an initial matter, we note that the factual allegations in Kobal's complaint, like the arguments he advances in this appeal, are only decipherable upon review of the relevant factual history of this aspect of the Kobals' divorce dispute. Likewise, Kobal attempted to make similar arguments regarding these funds in the divorce case and they were unsuccessful. Specifically, while Kobal is attempting to bring claims for breach of contract here, he testified in the divorce case that the parties had no such agreement regarding these funds. Further, the complaint contained counts that do not correspond to violations of Ohio law. Finally, to the extent that Kobal was alleging that any defendant had committed fraud, he did not plead this with sufficient particularity.

{¶ 18} In addition to the above, it is clear that the underlying conduct at issue here took place approximately 14 years ago, prior to Kobal's incarceration in 2007. Kobal's complaint was filed on October 29, 2019. To the extent that Kobal articulated actual causes of action in his complaint, none has a statute of limitations greater than six years.

{¶ 19} Finally, even if plaintiff had sufficiently plead claims that were not time-barred, his claims are barred by res judicata. Res judicata precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action, even where the cause of action is different

in a subsequent suit. *Fort Frye Teachers Assoc., OEA/NEA v. State Emp. Relations Bd., et al.*, 81 Ohio St.3d 392, 1998-Ohio-435, 692 N.E.2d 140. Therefore, res judicata precludes Kobal from bringing a civil claim against his ex-wife, or an entity owned by his ex-wife, to obtain a different division of property. *Evans v. Evans*, 4th Dist. Scioto No. 14CA3647, 2015-Ohio-378, ¶ 23. The divorce decree clearly provided that Kathleen's interest in the funds at issue would be free and clear from any claim by the defendant. The underlying action was an unsuccessful attempt to avoid this.

{¶ 20} Therefore, we overrule Kobal's assignments of error and affirm the trial court's sua sponte dismissal of his complaint.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR