**[Cite as *Nosse v. Potter*, 2024-Ohio-2325.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

LANCE NOSSE,

        Plaintiff-Appellant,

- vs -

KEVIN F. POTTER, et al.,

        Defendants-Appellees.

**CASE NO. 2023-L-097**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 000394

**O P I N I O N**

Decided: June 17, 2024
Judgment: Affirmed

*Frank Consolo*, Consolo Law Firm Co., LPA, 627 West St. Clair Avenue, Cleveland, OH 44113 (For Plaintiff-Appellant).

*Sean T. Needham* and *Jack Maib*, Reminger Co., LPA, 200 Public Square, Suite 1200, Cleveland, OH 44114 (For Defendants-Appellees).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Lance Nosse, appeals from the judgment of the Lake County Court of Common Pleas, dismissing his Complaint on the grounds of res judicata/collateral estoppel and immunity. For the following reasons, we affirm the decision of the lower court.

{¶2} On March 24, 2023, Nosse filed a Complaint against defendants-appellants, Kirtland Mayor Kevin Potter; Kirtland City Council members Richard Lowery, John Lesnick, Jr., Jeffrey Ruple, Joseph Smolic, Scott Haymer, and Matthew Schulz; Kirtland

Law Director Matthew Lallo; Kirtland Assistant Law Director Thomas Lobe; Kirtland Police Sergeant James Fisher; Ohio Patrolmen's Benevolent Association (OPBA) general counsel Adam Chaloupka; OPBA; and the City of Kirtland. On May 22, 2023, Nosse filed an Amended Complaint.

{¶3} In his Amended Complaint, Nosse alleged that he was terminated from his employment as Chief of Police for the City of Kirtland for reasons related to alcoholism. He contended that various officials were aware of his problem with alcohol, did not offer assistance, and although he received treatment, he was still terminated from his position. He alleged that the defendants participated in a "sham investigation" and that the charges brought against him under R.C. 733.35 leading to his termination "were false and a pretext for the real motivating reason for Potter's removal of Nosse under R.C. 733.35," his alcoholism or perceived alcoholism. Finally, he contended that "Potter and Lallo failed to present any evidence to Council to support the charges that Nosse, *in the performance of his official duty*, engaged in acts of misfeasance, nonfeasance, misconduct in office, gross neglect of duty, and/or habitual drunkenness, such that he may be removed from office pursuant to R.C. 733.35."

{¶4} In his first cause of action, Nosse asserted a claim for discrimination under R.C. 4112.02: that the "City discriminated against and terminated Nosse because it regarded Nosse as suffering from an actual or perceived alcohol abuse impairment * * * in violation of R.C. 4112.02." In the second cause of action, he alleged that the remaining defendants "aided, abetted, incited, compelled and/or coerced the City's discriminatory actions * * * and/or have attempted directly or indirectly to commit such discriminatory actions against Nosse." In the third cause of action, he alleged a violation of the Open

2

Meetings Act in relation to meetings held on August 2 and 3, 2021. He contended that a special work session held on August 2 and attended by Council members, which involved the determination of rules and procedures for his termination hearing, was in violation of the Open Meetings Act and that the August 3 executive session to discuss and vote on his termination also violated the Act. In the fourth cause of action, he alleged that various defendants tortiously interfered with his employment relationship with the city of Kirtland. In his fifth cause of action, he alleged a civil conspiracy to interfere with his employment relationship.

{¶5} The city defendants (those other than OPBA and Chaloupka) filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6) on June 5, 2023, based on the grounds that the claims were barred by collateral estoppel and res judicata and the defendants were entitled to immunity under R.C. 2744.01. They argued that issues relating to the reasons for Nosse's removal had already been determined by the courts and the government officials were immune because they were performing the acts as prosecutorial or quasi-judicial acts. On the same date, OPBA and Chaloupka filed an Answer and Affirmative Defenses.

{¶6} Given the defenses raised by the defendants, we will review the facts preceding the filing of the 2023 Complaint in the present matter, which were outlined by this court in a prior appeal in *Nosse v. Kirtland*, 11th Dist. Lake No. 2022-L-032, 2022-Ohio-4161. On July 7, 2021, Potter sent a letter to Nosse, indicating that he had submitted Nosse's termination to the City Council for approval. The letter alleged that, pursuant to R.C. 733.35, Nosse was "guilty in the performance of [his] official duty of misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty,

3

and/or habitual drunkenness." Charges alleged in the letter included a violation of the police department's vehicle use policy for driving after consuming alcohol and with an open container; conduct unbecoming of an officer for driving after drinking and use of profane language, sexual comments, and racial comments; lying regarding use and misuse of his cell phone; neglect of duty for having long absences; use of alcohol off-duty, discrediting himself and the department; damaging his city vehicle; and mocking and belittling subordinates. A hearing on Nosse's termination was held before the City Council in August 2021, at which testimony was provided that Nosse was granted leave under the Family Medical Leave Act in April 2021, but a subsequent investigation into his conduct led to the decision to terminate him. Testimony was presented regarding Nosse's conduct and interactions with fellow employees, such as using foul language and racial comments, absences from work, and use of alcohol in his office and city-issued vehicle. Following closing arguments in the hearing, the Council moved, over the objection of Nosse, to enter into executive session to deliberate and review evidence. On August 3, 2021, the Council decided, by a vote of 6-1, to terminate Nosse from his position. Nosse filed an appeal from the decision of the Council in the Lake County Court of Common Pleas.

{¶7} On March 31, 2022, the lower court issued an Opinion and Judgment Entry affirming Nosse's removal from his position.

{¶8} On appeal, in *Nosse*, 2022-Ohio-4161, Nosse argued that it was error to determine that the Council could deliberate his termination in executive session in violation of the Open Meetings Act, errors were made in the interpretation of the laws allowing his removal from office, and it was error to consider conduct outside of his official

4

duties in terminating him. This court found no merit to these arguments and concluded, inter alia, that "[a] review of the record does not reveal an abuse of discretion in the court's determination that his dismissal was supported by reliable, probative, and substantial evidence." *Id.* at ¶ 36. We observed the evidence in the record showing misconduct relating to the use of alcohol and violations of Police Department Rules. *Id.* at ¶ 37-42.

{¶9} In October 2022, Nosse brought a federal suit in the Northern District of Ohio against the same parties that are subject of the present proceedings, arguing that "defendants conspired to fire him because Defendants regarded Nosse as disabled by alcoholism" and contending that his firing violated federal law under the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. He also included state claims for disability discrimination, employment interference, and a violation of the Open Meetings Act. *Nosse v. Kirtland*, N.D. Ohio 1:22-cv-01762, 2023 WL 2185969, *1 (Feb. 23, 2023). The court granted the defendants' motion to dismiss, applying the doctrine of issue preclusion. It found "[t]he Kirtland City Council and two Ohio courts have already decided that Kirtland fired Nosse because of Nosse's misconduct," he could not challenge those decisions in federal court, and, thus, could not "allege that Defendants fired him based on his disability or that Defendants lacked good cause to deny Nosse's reinstatement." *Id.* It concluded: "In light of the state adjudications' now-unchallengeable findings, Nosse cannot allege that the City instead terminated him because the City regarded him as disabled. Nor can he plausibly allege that Defendants lacked a legitimate reason to refuse to reinstate him following medical leave." *Id.* at *4. The court subsequently rejected Nosse's argument that reconsideration should be granted because the reason he had been terminated was not previously decided. *Nosse*

5

*v. Potter*, N.D. Ohio 1:22-cv-01762, 2023 WL 2885431, *1-2 (Apr. 11, 2023). It further concluded: "Nosse's argument that the Ohio appeals court 'incorrectly' decided that the Council fired Nosse based on Nosse's misconduct also fails. Issue preclusion prohibits Nosse from relitigating the appeals court's factual findings." *Id.* at *2.

{¶10} Nosse appealed the dismissal of his federal claims to the Sixth Circuit, which upheld dismissal on the ground of claim preclusion since the federal claims could have been raised in the administrative appeal before the common pleas court. *Nosse v. Potter*, 6th Cir. No. 23-3256, 2023 WL 8788874, *3-4 (Dec. 19, 2023).

{¶11} On October 3, 2023, in the present matter, the trial court issued a Judgment Entry finding the Motion to Dismiss the Plaintiff's Amended Complaint to be well-taken and granted. It found that "res judicata and collateral estoppel prevent the Plaintiff from maintaining the claims described in the Amended Complaint" and the "Amended Complaint against the Defendants is dismissed based upon the immunities afforded to them." As to the issues of res judicata and collateral estoppel, it found that the prior federal and state cases arose from the same occurrence, involved parties in privity, and his present complaint raised issues regarding the lawfulness of his removal from office which had already been litigated and decided. It also found that decisions made relating to his employment through the administrative process were part of a quasi-judicial function protected by immunity.

{¶12} On appeal, Nosse raises the following assignments of error:

{¶13} "[1.] The common pleas court erred in finding that *res judicata* and collateral estoppel prevent the Plaintiff from maintaining the claims described in the Amended Complaint.

6

Case No. 2023-L-097

{¶14} "[2.] The common pleas court erred in finding that the City Defendants are entitled to statutory immunity.

{¶15} "[3.] The common pleas court erred in finding that Defendants OPBA and Chaloupka filed motions to dismiss the Amended Complaint and dismissing the claims in the Amended Complaint against them."

{¶16} "A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint." *Doe v. Greenville City Schools*, 171 Ohio St.3d 763, 2022-Ohio-4618, 220 N.E.3d 763, ¶ 8. To dismiss a complaint pursuant to Civ.R. 12(B)(6), it "must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "Reviewing courts must accept the material allegations in the complaint as true * * * and construe the allegations and all reasonable inferences drawn therefrom in favor of the nonmoving party." *Doe* at ¶ 8. "Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

{¶17} In his first assignment of error, Nosse argues that the trial court erred in finding that res judicata and collateral estoppel prevent him from maintaining his claims against the defendants.

{¶18} "Res judicata ensures the finality of decisions." *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, __ Ohio St.3d ___, 2023-Ohio-3097, __ N.E.3d __, ¶ 15, citing *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). "It bars a party from relitigating the same issue or claim that has already been decided in

7

a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *Id.*

{¶19} "The Supreme Court of Ohio has adopted the modern application of res judicata, which includes claim preclusion and issue preclusion." *Glenn v. Trumbull Cty. Comms.*, 11th Dist. Trumbull No. 2023-T-0067, 2024-Ohio-1114, ¶ 45. Claim preclusion makes "'an existing final judgment or decree between the parties to litigation * * * conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'" *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). "[C]laim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Lycan v. Cleveland*, 171 Ohio St.3d 550, 2022-Ohio-4676, 218 N.E.3d 913, ¶ 23, citing *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997). This doctrine has been applied where a plaintiff seeks to raise claims under different theories of substantive law which "aris[e] from [the same] nucleus of facts." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 383, 653 N.E.2d 226 (1995).

{¶20} "Issue preclusion, also known as collateral estoppel, prevents parties from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *AJZ* at ¶ 16. "Issue preclusion applies 'when the fact or issue (1) was actually and directly litigated in the prior action [and] (2) was passed upon and determined by a court of competent jurisdiction[] and (3) when the party against whom collateral estoppel is

8

asserted was a party in privity with the party to the prior action.'" *Id.*, citing *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994). Under issue preclusion, "even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit" and the doctrine bars asserting issues "that directly stem from, and therefore were required to be asserted during a prior action." *Morgan v. Natale*, 11th Dist. Trumbull No. 2021-T-0038, 2022-Ohio-1281, ¶ 90; *Slodov v. Eagle Ridge Subdivision Property Owners Assn. Inc.*, 11th Dist. Geauga No. 2023-G-0021, 2024-Ohio-143, ¶ 34. The application of the doctrine of res judicata and collateral estoppel raises a question of law to be reviewed de novo. *AJZ* at ¶ 16.

{¶21} Nosse raises several arguments in response to the trial court's finding that the claims were barred by res judicata/collateral estoppel. He argues that his claims are not barred because he is alleging that he was terminated because of alcoholism rather than misconduct, an issue not previously litigated. He also contends that the court could not have previously determined the reasons for his termination because the Council did not state the reasons he was terminated.

{¶22} Initially, we will address the first two causes of action, which relate to allegations that Nosse's termination was based on discrimination and that there was aiding and abetting of such discrimination. Nosse's substantive argument is centered on the fact that one cannot be terminated solely for alcoholism. The Ohio Supreme Court has held that "alcoholism is a handicap for purposes of R.C. Chapter 4112," although an employee may be terminated "[w]here chemical dependency adversely affects job performance * * *." *Cleveland Civ. Serv. Comm. v. Ohio Civil Rights Comm.*, 57 Ohio St.3d 62, 65, 565 N.E.2d 579, citing *Hazlett v. Martin Chevrolet, Inc.*, 25 Ohio St.3d 279,

9

Case No. 2023-L-097

281, 496 N.E.2d 478 (1986).

{¶23} In the prior administrative appeal, the crux of the matter raised by Nosse before the trial court and this court was whether the law and facts supported his termination and whether "any of the acts of misfeasance, nonfeasance, misconduct in office, gross neglect of duty, and/or habitual drunkenness" were engaged in by Nosse while performing his official duties under R.C. 733.35. At issue before us was the validity of Nosse's termination, which necessarily included consideration of facts presented regarding his actions during his employment, his use and possession of alcohol during his employment, and his conduct while intoxicated as relevant to the rules of the Kirtland Police Department. In the administrative appeal, the same subject matter and transaction was before this court and there was a valid decision relating to the merits of the claims raised in that appeal.

{¶24} Further, while Nosse argues that the issue of whether his firing was pretextual was not previously considered, he could have argued in the administrative appeal that he believed he was fired due to alcoholism rather than specific conduct resulting from his use of alcohol. In fact, he did bring this into dispute to a degree in raising the issue of habitual drunkenness. A party need not raise a specific claim previously but, "[w]here a claim *could have been litigated* in the previous suit, claim preclusion also bars subsequent actions on that matter." (Emphasis added.) (Citation omitted.) *Jochum v. State ex rel. Mentor*, 11th Dist. Lake No. 2020-L-032, 2020-Ohio-4191, ¶ 54.

{¶25} Nosse argues that claim preclusion does not apply because he was not permitted to raise counterclaims or additional claims in his administrative appeal. He

10

does not cite specific authority that precluded him from doing so. Of note, in addressing Nosse's complaint raising federal discrimination claims, the Sixth Circuit rejected this argument. It found that "[w]hile the city council may not have been a suitable forum in which to raise ADA, Rehabilitation Act, and FMLA claims, Nosse could have done so in the common pleas court. Under Ohio law, there was no procedural bar to Nosse bringing those claims as part of his appeal from the city council's decision." *Nosse*, 2023 WL 8788874, at *3.

**{¶26}** Nosse also argues that he could not have raised a disability discrimination claim before the common pleas court because he had not first filed a charge of discrimination with the EEOC or OCRC and received a right to sue letter. *See* R.C. 4112.052(B) ("a person may file a civil action under this section alleging an unlawful discriminatory practice relating to employment" only if he has filed a charge with OCRC and received a notice of right to sue or other conditions are met). Nonetheless, he does not contend why he could not have at least furthered the argument that his termination was unwarranted because it was due to alcoholism rather than a valid ground. Further, we observe that the Sixth Circuit rejected this argument in relation to the filing of a charge of discrimination before the EEOC, finding that Nosse could have requested a right-to-sue letter while the state court proceeding was pending and then amended his claim to bring in those federal claims relating to discrimination. *Nosse*, 2023 WL 8788874, at *4.

**{¶27}** Nosse also argues that some of the parties here were not parties in the prior action, thus preventing application of the doctrine of claim preclusion. "For claim preclusion to apply, the parties to the subsequent suit must either be the same or in privity with the parties to the original suit." (Citation omitted.) *Jochum*, 2020-Ohio-4191, at ¶

11

55.  It has been held that privity ma exist when the parties have a "mutuality of interest, including an identity of desired result" or where "an agency relationship exists between the party sued and a person or entity that has previously been sued" such as in the case of an employee.  *Id.* at ¶ 55; *Huber Heights Veterans Club, Inc. v. Bowman*, 2d Dist. Montgomery No. 29175, 2021-Ohio-3944, ¶ 31.  Here, the city defendants not previously part of the litigation are various employees of the city and/or City Council members who have an interest in a finding that the termination was for legitimate grounds.

{¶28} Nonetheless, even presuming that Nosse's arguments regarding claim preclusion have merit, the trial court further found that issue preclusion applied.  Issue preclusion applies where the fact or issue before the court has previously been litigated and decided by the court, even if the causes of action differ.  In the administrative appeal, as noted above, this court considered the issue of the reasons for Nosse's termination, including his failure to be present at work, inappropriate language used with employees, and actions relating to the use and possession of alcohol.  This included violations of the Kirtland Police Rules 10.6 and 10.20 requiring him to conduct himself in a manner that reflected favorably on the Department and refrain from "consuming intoxicating beverages to the extent that it results in impairment, obnoxious or offensive behavior which discredits them or the Department."  *Nosse*, 2022-Ohio-4161, at ¶ 40.  This court considered and observed that the facts demonstrated he behaved in an inappropriate manner while intoxicated, carried alcoholic beverages while in his vehicle, and stored and drank alcohol in his office.  *Id.* at ¶ 40-41.  The issues previously addressed in the administrative appeal are interrelated to those raised here and the issue of the reason for Nosse's firing was previously addressed.

Case No. 2023-L-097

**{¶29}** Further, as has been explained in relation to issue preclusion, while mutuality of parties is a requirement, if the party against whom collateral estoppel is asserted "clearly had his day in court on the specific issue brought into litigation within the later proceeding," such requirement is satisfied. (Citation omitted.) *Schmitt v. Witten*, 11th Dist. Trumbull No. 2018-T-0086, 2019-Ohio-1953, ¶ 23. *See also AJZ*, __ Ohio St.3d ___, 2023-Ohio-3097, __ N.E.3d __, at ¶ 16 (the third element of issue preclusion is met "when *the party against whom collateral estoppel is asserted* was a party in privity with the party to the prior action") (citation omitted) (emphasis added). Nosse was able to fully litigate these issues in the prior administrative appeal.

**{¶30}** Nosse argues that this court could not have already ruled on the issue relating to the reasons for his termination because the City Council did not state the reasons for his termination. However, since the charges raised by the Mayor were for misfeasance, nonfeasance, misconduct in office, gross neglect of duty and/or habitual drunkenness, this indicates the grounds considered for his termination. The evidence presented further corroborated these as reasons for termination and these were the grounds considered by the lower court and this court on appeal. For the reasons indicated above, these issues were considered and determined for the purposes of applying res judicata/collateral estoppel.

**{¶31}** Causes of action four and five relate to tortious interference with an employment relationship and conspiracy to do so. The elements of tortious interference with an employment relationship are "1) the existence of an employment relationship between plaintiff and the employer; 2) the defendant was aware of the relationship; 3) the defendant intentionally interfered with the relationship; and 4) the plaintiff was injured as

13

a proximate result of the defendant's acts." (Citation omitted.) *Morris v. Broska*, 11th Dist. Portage No. 2018-P-0086, 2019-Ohio-2510, ¶ 19.

{¶32} Nosse's arguments under these claims appear to rise from his factual allegations that various defendants conducted "sham" investigations of his behavior, gathering "false" evidence and witnesses for the hearing before the Council. The issue of whether the investigation and evidence were legitimate was litigated and decided in the previous appeal. The trial court concluded there was evidence of various improper acts justifying termination, as did this court. Since the record supported a finding of misconduct, it follows that it was not interference with his employment to investigate this and seek further actions, up to and including termination, as a result of the evidence uncovered.

{¶33} Finally, Nosse argues that the third cause of action, relating to the Open Meetings Act, was not precluded by res judicata or collateral estoppel since the issue raised in the previous litigation was for a different meeting date and he was not required to raise Open Meetings Act claims in the administrative appeal.

{¶34} In the administrative appeal, an error raised by Nosse relating to the Open Meetings Act alleged that the Council "erred by deliberating in executive session at the conclusion of the evidentiary hearing" to consider his termination. The trial court concluded that the Council engaged in a quasi-judicial proceeding and did not violate the Open Meetings Act by holding an executive session to review the evidence prior to issuing its decision on termination. On appeal, this court held that the decision to hold deliberations and review evidence "does not provide a claim for relief under the Open Meetings Act." *Nosse*, 2022-Ohio-4161, at ¶ 28.

14

Case No. 2023-L-097

**{¶35}** In the present matter, Nosse asserted in his Complaint that a special work session held by the Council on August 2, which involved the determination of rules and procedures for his termination hearing, was in violation of the Open Meetings Act and this issue was not previously determined by the trial court or this court. There is no question that this court considered the alleged Open Meetings Act violation in relation to the August 3 deliberations in executive session and Nosse had the opportunity to raise and litigate this claim. However, there was no specific consideration by this court or the trial court regarding whether the "work session" on August 2 was one to which the Open Meetings Act applied.

**{¶36}** Nosse argues that res judicata could not apply to this claim as he was not required to previously raise this issue relating to August 2 because this court has held that such claims are not properly raised in an administrative appeal. In *Stainfield v. Jefferson Emergency Rescue Dist.*, 11th Dist. Ashtabula No. 2009-A-0044, 2010-Ohio-2282, this court, citing authority from the Fourth District, concluded that the issue regarding whether an executive session violated R.C. 121.22 could not be considered in the context of an administrative appeal. *Id.* at ¶ 30-40. We observe that there have been conflicting rulings on this issue, as the Third District held that challenges to the Open Meetings Act can be raised through administrative appeals, citing to Ohio Supreme Court authority for the proposition that such challenges have been raised in contexts other than an original action. *Brenneman Bros. v. Allen Cty. Commrs.*, 2013-Ohio-4635, 3 N.E.3d 1231, ¶ 31-34 (3d Dist.).

**{¶37}** Claim preclusion applies when a matter involving the same parties and same subject matter or transaction was previously decided. Here, the claim relates to the

15

Case No. 2023-L-097

same termination proceedings involved in the prior litigation. Nosse now argues that claim preclusion cannot be applied because he was not permitted to raise Open Meetings Acts violations in an administrative appeal and further that it cannot apply because City Council is not sui juris and could not be sued, leading to the filing of claims against the individual Council members in the present suit not raised in the prior proceeding. While he makes these claims to avoid application of the doctrine of res judicata, we observe that he still brought a claim for an Open Meetings Act violation in the prior litigation. Thus, there he necessarily contended that such a claim was proper for resolution and the City Council was the proper party against which to file his claim. The trial court and this court both addressed the merits of the Open Meetings Act claim relating to his hearing, albeit from the August 3 actions of the Council rather than the August 2 meeting.

{¶38} Under these circumstances, we find that res judicata applies to bar the present claim. Nosse chose to litigate the issue of Open Meetings Act questions relating to his termination hearing previously, and the issues raised were litigated to their conclusion. He should not now be permitted to raise contrary arguments, i.e., that the claims could not have been previously litigated even though he chose to do so in the prior administrative appeal. *See State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 700 N.E.2d 1278 (1998) (a party invited error by the court in failing to apply the doctrine of res judicata when he argued that the doctrine was inapplicable); *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 80 Ohio St.3d 176, 181, 685 N.E.2d 502 (1997) ("a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make") (citation omitted). Further, bringing one of the Open Meetings Act claims and not the other in the administrative appeal is contrary to the purposes of

16

collateral estoppel, since it would encourage "piecemeal presentation" of his claims. *Studier v. Tancinco*, 8th Dist. Cuyahoga No. 64793, 1994 WL 78050, *3 (Mar. 10, 1994).

{¶39} The first assignment of error is without merit.

{¶40} In his second assignment of error, Nosse argues that the lower court erred in finding that immunity applied because the city does not enjoy statutory immunity for discriminatory acts and the city defendants were sued in their individual capacities.

{¶41} Since it has been determined that the causes of action were properly dismissed on the grounds of res judicata/collateral estoppel, it is unnecessary to address any other grounds provided for dismissing the claims. *See Stone Collector, Inc. v. Northeast Ohio Natural Gas Corp.*, 2023-Ohio-2650, 222 N.E.3d 164, ¶ 48 (11th Dist.) (since "it is unnecessary to determine this issue to resolve the appeal * * * we find this issue is moot").

{¶42} The second assignment of error is without merit.

{¶43} In his third assignment of error, Nosse argues that the lower court "clearly erred in finding that the OPBA and Chaloupka filed a motion to dismiss the claims in the Amended Complaint against them" since they did not file such motion and the claims against them should not have been dismissed for this reason.

{¶44} OPBA and Chaloupka argue that although they did not file a motion to dismiss, the court was permitted to dismiss the claims against them since they were frivolous, failed to allege any facts that supported the claim under R.C. 4112.02(J), and the inability to prevail on the discrimination claim prevented Nosse from demonstrating that OPBA and Chaloupka aided and abetted discrimination.

{¶45} The claims raised against OPBA and Chaloupka were for aiding and

17

abetting discrimination, tortious interference with employment, and conspiracy to interfere with employment. As noted above, the trial court concluded that these claims were barred by the doctrine of res judicata/collateral estoppel.

{¶46} While generally claims are dismissed upon the filing of a motion to dismiss, they can be dismissed by the trial court sua sponte in certain circumstances. It has been held that "[s]ua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Kobal v. RBC Wealth Mgt.*, 8th Dist. Cuyahoga No. 109775, 2021-Ohio-213, ¶ 16. *See also Bonny v. Soc. of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993) ("[a] court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of the moving defendants or where the claims against all defendants are integrally related"). While it is accurate that it was a misstatement to find that "all of the Defendants" filed motions to dismiss, dismissal of the charges against them was not improper where such claims were barred by the doctrine of res judicata, as discussed above. Where the claims are barred by res judicata or collateral estoppel, the claimant cannot prevail on the facts of the complaint.

{¶47} Further, while Nosse argues in his reply brief that this cannot apply since there was a lack of privity, as noted above, he had the ability to address these matters in the prior proceedings and, therefore, collateral estoppel is applicable. *See Schmitt*, 2019-Ohio-1953, at ¶ 22-23; *AJZ*, __ Ohio St.3d ___, 2023-Ohio-3097, __ N.E.3d __, at ¶ 16.

{¶48} The third assignment of error is without merit.

{¶49} For the foregoing reasons, the judgment of the Lake County Court of

18

Common Pleas, dismissing Nosse's Complaint, is affirmed.  Costs to be taxed against appellant.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-L-097